**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA**

|  |  |  |
|---|---|---|
| | ) | |
| Billie Jerome Allen, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:16-cv-00257-JMS-MJD |
| | ) | |
| Charles Daniels, | ) | Capital Case |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**PETITIONER'S RESPONSE TO COURT ORDER OF AUGUST 1, 2016**

Petitioner, through counsel, respectfully submits this response to the Court's Order of August 1, 2016, directing Petitioner "to show that his habeas claim(s) may properly be asserted pursuant to the savings clause of 28 U.S.C. § 2255(e)." Dkt. 10. Petitioner sets forth these reasons below and further contends that, regardless of the applicability of § 2255(e), his constitutional right to the writ of habeas corpus entitles him to a merits ruling, subject to appellate review, on his petition. Petitioner therefore requests the opportunity to submit a memorandum of law in support of the merits of his claim for relief.

**I.      Background**

Mr. Allen was convicted and sentenced to life imprisonment without the possibility for parole for federal bank robbery in which a killing occurs under 18 U.S.C. § 2113. In the same trial concerning the same homicide, he was convicted and sentenced to death for committing a crime of violence under 18 U.S.C. § 924(c) & (j) based on the bank robbery conviction. The indictment and the jury instructions did not specify whether the crime of violence fell under § 924(c)(3)(A)'s "force clause" or § 924(c)(3)(B)'s "residual clause." *See* E.D. Mo. Case No. 97-

CR-141, Dkt. 309, Instruction No. 19.  The jury was simply instructed that, under § 924(c), the predicate "crime of bank robbery in which a killing occurs . . . is a crime of violence." *Id*.

On June 26, 2015, the Supreme Court held that the residual clause of 18 U.S.C. § 924(e)(2)(B) is unconstitutionally vague.  *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* calls into serious doubt the validity of the similarly worded residual clause of § 924(c)(3)(B), as numerous federal courts have recognized.  *See Ruiz v. United States*, No. 16-1193 (7th Cir. Feb. 19, 2016) (authorizing successive § 2255 petition based on *Johnson*'s applicability to § 924(c)) (unpublished; attached as Exhibit 1); *In re Pinder*, — F.3d — , 2016 WL 3081954 (11th Cir. June 1, 2016) (same); *Freeman v. United States*, No. 15-3687 (2d Cir. Jan. 26, 2016) (same) (unpublished; attached as Exhibit 2); *United States v. Bell*, No. 15-00258, 2016 WL 344749 at *11-13 (N.D. Cal. Jan. 28, 2016) (finding *Johnson* applicable to § 924(c)); *United States v. Lattanaphom*, No. 99–CR–00433, 2016 WL 393545 at *3-6 (E.D. Cal. Feb. 2, 2016) (same); *United States v. Edmundson*, No. 13–CR–15 (PWG), 2015 WL 9311983 at *2-6 (D. Md. Dec. 23, 2015) (same); *see also United States v. Vivas-Cejas*, 808 F.3d 719, 720 (7th Cir. 2015) (finding the identically worded clause of 18 U.S.C. § 16(b) to be unconstitutionally vague); *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015) (same).

In light of the likely constitutional infirmity of § 924(c)(3)(B), Mr. Allen's capital conviction remains valid only if his bank robbery conviction categorically meets the statutory requirements for a crime of violence under the force clause of § 924(c)(3)(A).  It does not.  Bank robbery may be accomplished "by intimidation," 18 U.S.C. § 2113(a), but § 924(c)(3)(A) requires the intentional use or threatened use of "physical force," which means "*violent* force – that is, force capable of causing physical pain or injury to another person." *Johnson (Curtis) v.*

*United States*, 559 U.S. 133, 140 (2010) (emphasis in original).  Actual or threatened violent force is not required for conviction under § 2113(a).

Accordingly, on April 25, 2016, Mr. Allen applied for permission from the Eighth Circuit to file a second or successive § 2255 petition in the District Court for the Eastern District of Missouri challenging the validity of his capital conviction under § 924(c).  On June 24, 2016, while his application was pending in the Eighth Circuit, Mr. Allen filed a successive § 2255 petition in the Eastern District of Missouri and simultaneously filed the instant § 2241 petition raising the same claim for relief.

On July 22, 2016, the District Court for Eastern District of Missouri dismissed the successive § 2255 petition without prejudice.  *See* Exhibit 3.  On July 26, 2016, a divided panel of the Eighth Circuit denied Mr. Allen's application.  *See* Exhibit 4.[1]  On August 1, 2016, this Court directed Petitioner to file a brief showing "that his habeas claim(s) may properly be asserted pursuant to the savings clause of 28 U.S.C. § 2255(e)."  Dkt. 10.

## II.     Discussion

Mr. Allen is a under federal sentence of death and is imprisoned in this District at the federal death row in Terre Haute.  He seeks to avail himself, through a writ of habeas corpus, of the protections afforded by the Supreme Court's decision in *Johnson*.

Mr. Allen's access to the writ is currently suspended in the Eastern District of Missouri, from which his death sentence hails, through the operation of 28 U.S.C. § 2255(h).  His attempt to litigate the instant claim for habeas relief was dismissed without prejudice by that court.  Absent § 2255's limitations, Mr. Allen's constitutionally assured access to the writ of habeas

---

[1] On August 30, 2016, the Eighth Circuit denied the petition for rehearing filed by Mr. Allen's co-defendant, Norris Holder.  *See* Exhibit 5.  In light of this ruling and pursuant to the prohibitions on appeal set forth in 28 U.S.C. § 2244(b)(3)(E), Mr. Allen has not sought further review of the Eighth Circuit's denial.

corpus would entitle him to petition the federal courts to enforce the reasoning of *Johnson* to his capital conviction, and to seek review from the Supreme Court of any erroneous lower court decisions denying relief. At least two courts of appeals have in fact authorized other petitioners to litigate *Johnson* challenges to their § 2113 bank robbery convictions via § 2255, but the Eighth Circuit denied Mr. Allen that opportunity.

As applied to Mr. Allen, § 2255 has proven inadequate and ineffective to test the legality of his capital conviction and death sentence. This inadequacy is apparent under the standards set forth by the Seventh Circuit in *Webster v. Daniels* and *Montana v. Cross*, and compels this Court to address the merits of Mr. Allen's § 2241 petition. Absent such merits consideration, Mr. Allen's privilege of the writ of habeas corpus will be unconstitutionally suspended.

### A.    The Petition Is Cognizable Under *Webster v. Daniels*

The Seventh Circuit has recognized that "whether section 2255 is inadequate or ineffective depends on whether it allows the petitioner a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc) (quotation omitted). In other words, "there must be some kind of structural problem with section 2255 before section 2241 becomes available." *Id*. The structural problems here are threefold. First, § 2255 has precluded Mr. Allen from obtaining a merits ruling – i.e., "a reliable judicial determination" – on his claim while providing that same opportunity to other, similarly situated, federal convicts. Second, and consequently, § 2255 has prevented Mr. Allen from benefiting from the final resolution of conflicting and evolving questions of federal law. Third, even assuming that such defects are tolerable in non-capital cases, § 2255 cannot be permitted to foreclose habeas review where Mr. Allen's life may depend on it.

### 1.     Unequal access to a decision on the merits

Section 2255 is inadequate and ineffective where it fails to provide similarly situated federal convicts with equal access to merits consideration of their habeas claims.  *See Felker v. Turpin*, 518 U.S. 651, 667 (1999) (Souter, J., concurring) ("[t]he question [of the validity of § 2244(b)'s gatekeeping provisions] could arise if the courts of appeals adopted divergent interpretations of the gatekeeper standard.").  In habeas corpus proceedings, "[t]he essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits."  *Potts v. United States*, 210 F.3d 770, 770 (7th Cir. 2000).  Whereas some persons convicted of federal bank robbery under § 2113 have received that opportunity, Mr. Allen has not and cannot obtain merits consideration of his *Johnson* claim through § 2255.

The District Court for the Eastern District of Missouri dismissed Mr. Allen's successive § 2255 petition without prejudice.  *See* Exhibit 3.  A dismissal without prejudice is, by definition, the opposite of an adjudication on the merits.  *Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001); *see also Stewart v. Martinez–Villareal*, 523 U.S. 637, 644-45 (1998) (recognizing that a dismissal without prejudice does not adjudicate habeas petitioner's claim); *accord Slack v. McDaniel*, 529 U.S. 473, 487-88 (2000).  The Eighth Circuit subsequently denied Mr. Allen's application, thereby foreclosing any possibility of Mr. Allen obtaining a merits determination of his claim via § 2255.  *See* Exhibit 4.  Like the district court's dismissal, the Eighth Circuit's denial did not adjudicate Mr. Allen's proposed claim on the merits.  *See Bennett v. United States*, 119 F.3d 468, 470 (7th Cir. 1997) (explaining that a movant must get through § 2244's gatekeeping requirements "before the merits can be considered.").[2]

---

[2] *See also In re Williams*, 759 F.3d 66, 70 (D.C. Cir. 2014) ("[O]ur inquiry is limited to whether [the petitioner] has made a *prima facie* case[.]"); *United States v. Lopez*, 577 F.3d 1053, 1066 (9th Cir. 2009) ("Section 2255(h) is a jurisdictional bar, and we may not assume our jurisdiction . . . in order to resolve the case on the merits[.]"); *Ochoa v. Sirmons*, 485 F.3d 538, 541-42 (10th

In conflict with the Eighth Circuit, at least two courts of appeals have authorized second or successive § 2255 *Johnson* challenges to federal bank robbery convictions under § 2113. *See In re Carlos Aguiar*, No. 16-4043 (D.C. Cir. June 23, 2016) (authorizing successive § 2255 petition based on *Johnson's* applicability to § 924(c) where the predicate offense was § 2113(a)) (unpublished; attached as Exhibit 6); *In re Willie Lawson*, No 16- 3033 (D.C. Cir. June 23, 2016) (same) (unpublished; attached as Exhibit 7); *In re Ricardo Gross*, No. 16-3056 (D.C. Cir. July 1, 2016) (same) (unpublished; attached as Exhibit 8); *In re Vernon Montgomery*, No. 16-3059 (D.C. Cir. July 1, 2016) (same) (unpublished; attached as Exhibit 9); *Berry v. United States*, No. 16-71332 (9th Cir. June 2, 2016) (same) (unpublished; attached as Exhibit 10); *Caver v. United States*, No. 15-73779 (9th Cir. June 2, 2016) (same) (unpublished; attached as Exhibit 11).

This presents an intolerable structural problem: "the harm caused by the failure to treat similarly situated defendants alike cannot be exaggerated: such inequitable treatment hardly comports with the ideal of administration of justice with an even hand." *Teague v. Lane*, 489 U.S. 288, 315 (1989) (internal quotation marks omitted). As commentators have observed:

> The aftermath of *Johnson* and *Welch* shows that lower courts can't always be trusted to "treat similarly situated defendants alike" when deciding which prisoners can file successive § 2255 motions based on a new landmark decision. AEDPA insulates those rulings from the review and accountability that exist for nearly everything else courts do.

Leah M. Litman & Shakeer Rahman, *What Lurks Below Beckles*, 111 Nw. U. L. Rev. Online ___ (forthcoming 2016, available at http://ssrn.com/abstract=2830324, at 22). Because § 2255 has

---

Cir. 2007) ("The statutory mandate does not direct the appellate court to engage in a preliminary merits assessment. Rather it focuses [the court's] inquiry solely on the conditions specified in § 2244(b) that justify raising a new habeas claim."); *In re Joshua*, 224 F.3d 1281, 1282 (11th Cir. 2000) (per curiam) ("the merits of this case . . . are not relevant to whether [the petitioner] can obtain permission to bring a second or successive § 2255 motion to vacate"); *accord Menteer v. United States*, 806 F.3d 1156, 1156 (8th Cir. 2015) (recognizing that the Circuit's "preliminary determination" does not affect a district court's subsequent merits resolution); *Goldblum v. Klem*, 510 F.3d 204, 219 (3d Cir. 2007) (same).

precluded Mr. Allen from receiving a merits determination of his *Johnson* claim while granting the same opportunity to similarly situated federal prisoners, § 2255 is inadequate and ineffective as applied here.

### 2.    Unequal access to appellate resolution of questions of federal law

Section 2255 is likewise inadequate and ineffective where it fails to provide equal access to appellate resolution of evolving and conflicting questions of federal law.  Two such questions are presented here: the conflicting case law regarding whether bank robbery convictions under § 2113 categorically require sufficient intentionality or violent force to qualify under the force clause of § 924(c)(3)(A), *compare United States v. Yockel*, 320 F.3d 818, 824 (8th Cir. 2003) ("The district court correctly concluded the mens rea element of bank robbery did not apply to the element of intimidation[.]"), *with, e.g., United States v. Mitchell*, No. 15-CR-47, 2015 WL 7283132 at *3 (unpublished) ("[T]aking money by . . . intimidation involves a higher degree of culpability than accidental, negligent, or reckless conduct."); and the circuit split that has developed with respect to *Johnson*'s applicability to the residual clause of § 924(c)(3)(B). *Compare In re Pinder*, — F.3d —, 2016 WL 3081954 (11th Cir., June 1, 2016) (granting permission to file a successive habeas motion alleging that *Johnson* invalidates 18 U.S.C. § 924(c)(3)(B)), *with In re Fields*, — F.3d —, 2016 WL 3383460 (5th Cir. June 17, 2016) (denying same).

Where prisoners have had their successive challenges to § 2113 convictions authorized, *see supra*, they can avail themselves of the appellate resolution of such questions.  Absent merits consideration of this § 2241, Mr. Allen will be deprived of the same opportunity.  Section 2255 is inadequate and ineffective where it facilitates "such inequitable treatment." *Teague*, 489 U.S. at 315.

7

**3.    An execution based on a conviction under an invalid and inapplicable federal statute would be intolerable**

Even assuming that the above defects do not demonstrate § 2255's inadequacy in non-capital cases, they do so in the context of this capital case.  In considering the availability of § 2241, courts should "take into account the fact that a core purpose of habeas corpus is to prevent a custodian from inflicting an unconstitutional sentence."  *Webster*, 784 F.3d at 1139; *see also In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998) (section 2241 used to rectify conviction for "nonexistent offense").  This concern is of "paramount importance [in] avoiding the injustice of executing one who is actually innocent."  *Schlup v. Delo*, 513 U.S. 298, 326 (1995).

Mr. Allen is actually innocent of his capital conviction under § 924(c).  Section 924(c)'s force clause requires intentional, *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004), and "*violent* force," *Johnson (Curtis)*, 559 U.S. at 140, whereas federal bank robbery may be accomplished "by intimidation," 18 U.S.C. 2113(a), and, at least in some federal jurisdictions, without intentionality, *see United States v. Pickar*, 616 F.3d 821, 825 (8th Cir. 2010).  The plain language, statutory history, and case law demonstrate that persons can be intimidated without the intentional threat or use of violent force.  Mr. Allen's case therefore does not fall under § 924(c)'s force clause.  And under *Johnson*, 135 S. Ct. 2551, § 924(c)'s residual clause is void for vagueness.  Mr. Allen is innocent of his capital conviction, and his execution would be a "constitutionally intolerable event."  *Schlup*, 513 U.S. at 314 (quotation omitted).

**B.    The Petition Meets the Requirements of *Montana v. Cross***

Under *Montana v. Cross*, the Court should consider a § 2241 petition under the savings clause of § 2255(e) where (1) the issue presented "is one of statutory interpretation"; (2) the claim relies on retroactive legal rules; (3) the challenge was previously unavailable; and (4) the error is "'grave enough . . . to be deemed a miscarriage of justice. . . ,' such as one resulting in 'a

8

conviction for a crime of which he was innocent.'" *Montana v. Cross*, --- F.3d ---, 2016 WL 3910054 at \*6-\*7 (7th Cir. 2016) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). Mr. Allen's petition meets these requirements.

### 1.     The petition presents a question of statutory interpretation

The merits of this petition revolve around whether the crime of federal bank robbery under § 2113 qualifies under either § 924(c)'s force clause or its residual clause. The likely constitutional infirmity of the residual clause after *Johnson* brings to the fore the statutory question of whether intentional and "*violent* force" can be accomplished "by intimidation." *See supra*. These are questions of statutory interpretation. *See Johnson (Curtis)*, 559 U.S. 133; *Leocal*, 543 U.S. 1.

### 2.     Mr. Allen's claim relies on retroactive legal rules

Both legal rules governing the petition are subject to retroactive application. The law interpreting whether § 2113(a) falls under the force clause of § 924(c) is "substantive" and therefore must be applied retroactively pursuant to *Teague*, 489 U.S. at 306-10, and *Bousley v. United States*, 523 U.S. 614, 619-21 (1998). *See Montana*, 2016 WL 3910054 at \*7 (a judicial determination of "the requirements for criminal liability under § 924(c), is a substantive rule"). Similarly, the law governing whether the residual clause of § 924(c) violates due process is substantive and retroactive. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (holding that "the rule announced in *Johnson* is substantive" and therefore "has retroactive effect under *Teague* in cases on collateral review.").

### 3.     This claim was previously unavailable

At the time of Petitioner's trial, appeal, and initial § 2255 petition, a crime of violence under § 924(c)(3) could be substantiated under either the force clause "or" the residual clause.

9

*See* 18 U.S.C. § 924(c)(3)(A).  A challenge to only one clause was pointless where the other clause remained valid and applicable under Supreme Court precedent.  Prior to *Johnson*, the validity of the residual clause was not in doubt; it and analogous provisions were repeatedly upheld by the Supreme Court.  *See Sykes v. United States*, 564 U.S. 1, 131 S. Ct. 2267, 2277 (2011) (the ACCA residual clause and similar statutory provisions are "within congressional power to enact"); *James v. United States*, 550 U.S. 192, 210 n.6 (2007) ("[W]e are not persuaded by Justice Scalia's suggestion . . . that the residual provision is unconstitutionally vague.").  The Court reversed course in *Johnson*, and "[i]t is undisputed that *Johnson* announced a new rule." *Welch*, 136 S. Ct. at 1264.  Neither the force clause's applicability to § 2113 bank robbery nor the residual clause's validity were at issue until *Johnson* was decided.

### 4.    Miscarriage of justice

As discussed in section II.A.3, *supra*, Mr. Allen is actually innocent of his capital conviction under § 924(c); a core purpose of § 2241 is "to prevent a custodian from inflicting an unconstitutional sentence," *Webster*, 784 F.3d at 1139; and "executing one who is actually innocent," *Schlup*, 513 U.S. at 326, would be the penultimate miscarriage of justice.

### C.    The Suspension Clause Requires the Court to Consider the Petition

As set forth above, § 2255 has prevented Petitioner from "obtain[ing] a reliable judicial determination of the fundamental legality of his conviction." *Webster*, 784 F.3d at 1136.  For the same reasons that § 2255 is inadequate and ineffective, § 2241 must be available to give substance to Mr. Allen's constitutional right to petition for a writ of habeas corpus. *See* U.S. Const. art. 1, § 9; *see also Webster*, 784 F.3d at 1139 n.7 (interpreting § 2255(e)'s savings clause so as to avoid constitutional Suspension Clause problems).

"[T]he writ of habeas corpus is itself an indispensable mechanism for monitoring the separation of powers.  The test for determining the scope of this provision must not be subject to manipulation by those whose power it is designed to restrain."  *Boumediene v. Bush*, 553 U.S. 723, 765-66 (2008).   Otherwise, it would "lead[] to a regime in which Congress and the President, not this Court, say 'what the law is.'"  *Id*. (quoting *Marbury v. Madison*, 1 Cranch 137, 177, 2 L.Ed. 60 (1803)).  Implicit in the writ is the federal courts' duty to check the power of Congress and the Executive branch to detain and punish individuals.  Here, a federal statute – § 2255 – has foreclosed Mr. Allen's ability to challenge the validity and applicability of another federal statute – § 924(c) – under which Mr. Allen was sentenced to death.  Absent this Court's consideration of the instant petition, this scheme will deny Mr. Allen's right to petition for a writ of habeas corpus.

*          *          *          *

For the foregoing reasons, Petitioner requests that the Court proceed to merits consideration of the petition.  Undersigned counsel respectfully requests 60 days in which to prepare and file a memorandum of law in support of the merits of Mr. Allen's § 2241 petition.

Respectfully submitted,

/s/ Timothy Kane
Timothy Kane
Eric Montroy
Assistant Federal Defenders
Federal Community Defender Office
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826
Timothy_Kane@fd.org
Eric_Montroy@fd.org

11