**Exhibit 6**

Petitioner's Response to Court Order of August 1, 2016
*Allen v. Daniels*, No. 2:16-cv-00257-JMS-MJD

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 16-3043**                    **September Term, 2015**

**1:04-cr-00355-CKK-3**

**Filed On:** June 23, 2016

In re: Carlos Aguiar,

        Petitioner

**BEFORE:**   Griffith, Srinivasan, and Millett, Circuit Judges

### O R D E R

Upon consideration of the petition for leave to file a second or successive motion pursuant to 28 U.S.C. § 2255, the response thereto, and the reply; the motions for leave to proceed in forma pauperis; and the Rule 28(j) letters, it is

**ORDERED** that the motions for leave to proceed in forma pauperis be granted. It is

**FURTHER ORDERED** that the petition for leave to file a second or successive motion pursuant to 28 U.S.C. § 2255 be granted.  Petitioner challenges his sentence for violating 18 U.S.C. § 924(c), which he alleges contains a residual clause that is materially identical to the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), that the Supreme Court held was unconstitutionally vague in Johnson v. United States, 135 S. Ct. 2551 (2015).  Petitioner also alleges his sentence as a career offender under U.S.S.G. § 4B1.1 and his sentencing enhancement under U.S.S.G. § 2K2.1(a)(2) were based on the residual clause in U.S.S.G. § 4B1.2(a)(2), which is identical to the residual clause in § 924(e).  Petitioner has made a prima facie showing that his claims rely on a new, previously unavailable rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.  See 28 U.S.C. § 2244(b); Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

The Clerk is directed to transmit the petition to the district court for filing as an "abridged" motion pursuant to 28 U.S.C. § 2255.  See Standing Order of the U.S. District Court for the District of Columbia issued June 2, 2016.  The petition for leave to file a second or successive § 2255 motion was filed within one year of the Supreme Court's June 26, 2015 Johnson decision, so the "abridged" motion shall be deemed timely filed in district court.  Petitioner is subject to further compliance with the district court's standing order.  This court expresses no opinion as to the merits of petitioner's claims.  See In re Williams, 759 F.3d 66, 72 (D.C. Cir. 2014).

**Per Curiam**