## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

### Case No. 2:16-cv-00257-JMS-MJD

_____

### BILLIE JEROME ALLEN,

**Petitioner,**

**v.**

### CHARLES DANIELS,
**Warden, United States**
**Penitentiary – Terre Haute,**

**Respondent.**

_____

### BRIEF IN SUPPORT OF PETITION
### FOR WRIT OF HABEAS CORPUS
### PURSUANT TO 28 U.S.C. § 2241
_____

### CAPITAL CASE

Timothy Kane
Eric Montroy
Assistant Federal Defenders
Federal Community Defender Office
  for Eastern District of  Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

Counsel for Petitioner

June 27, 2018

## Introduction[1]

Mr. Allen was convicted and sentenced to death for using a firearm during a federal "crime of violence" that resulted in a murder, in violation of 18 U.S.C. § 924(j) & (c)(3).[2] The predicate "crime of violence" that served as the basis for his §924(j) & (c)(3) conviction was bank robbery in violation of 18 U.S.C. § 2113(a) & (e) (bank robbery in which a killing occurs).

To qualify as a "crime of violence," the underlying § 2113 bank robbery must fall under either § 924(c)(3)(A)'s "force clause" or under § 924(c)(3)(B)'s "residual clause." Mr. Allen's capital conviction cannot fall under § 924(c)(3)(A)'s force clause because, under Eighth Circuit case law (including Mr. Allen's case), § 2113 bank robbery lacks the scienter and violent force elements that § 924(c)(3)(A) requires.

Mr. Allen's capital conviction cannot fall under § 924(c)(3)(B)'s residual clause because that clause is unconstitutionally vague. *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016); *see also Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018) (holding that the residual clause in 8 U.S.C. § 16(b), which is identical to the residual clause in § 924(c)(3)(B), is unconstitutionally vague). Because § 2113 no longer qualifies as a crime of violence under the residual clause, the "crime of violence" element of Mr. Allen's § 924(j) & (c)(3) conviction is no longer satisfied, and Mr. Allen is actually innocent of the crime for which he is sentenced to death.

---

[1] As explained in *Petitioner's Response to Court Order of August 1, 2016* (Dkt. 13), this claim is cognizable under 28 U.S.C. § 2241. *See also Burton v. Krueger*, No. 16-CV-1341, 2017 WL 4518601 at *3 (C.D. Ill. Oct. 10, 2017) (slip copy) (finding that a claim based on *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), and its progeny is cognizable under § 2241).

[2] Mr. Allen was also convicted of bank robbery in which a killing occurs, a violation of 18 U.S.C. § 2113(a) & (e), for the same murder, for which he was sentenced to life imprisonment without the possibility of parole. That conviction is not at issue in this proceeding.

## Relevant Statutory Provisions

Section 924(c)(1)(A), in pertinent part, provides:

[A]ny person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . [be punished in accordance with this statute].

Section 924(c)(3) defines "crime of violence" as follows:

(3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and –

> (A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Section 924(j), in pertinent part, provides:

A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall –

> (1) if the killing is a murder (as defined in section 1111), be punished by death or by imprisonment for any term of years or for life[.]

## Argument

### A.    Section 924(c)(3)(B)'s Residual Clause is Unconstitutionally Vague

In *Cardena*, the Seventh Circuit held that the residual clause of § 924(c)(3)(B) is unconstitutionally vague. *Cardena*, 842 F.3d at 996 ("Accordingly, we hold that the residual clause in 18 U.S.C. § 924(c)(3)(B) is also unconstitutionally vague."). The Supreme Court's recent decision in *Dimaya*, 138 S. Ct. 1204, confirms the correctness of this holding. Like the Seventh Circuit in *Cardena*, 842 F.3d at 995-96, the Supreme Court in *Dimaya* reasoned that § 16(b)'s definition of "crime of violence" is unconstitutionally vague in light of *Johnson v.*

3

*United States*, __ U.S.__, 135 S. Ct. 2551 (2015), which invalidated the definition of "violent felony" in the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii).

In *Johnson,* the Court singled out two features of ACCA's residual clause that "conspire[d] to make it unconstitutionally vague." 135 S. Ct. at 2557. First, the clause "require[d] a court to [apply the categorical approach and] picture the kind of conduct that the crime involves in 'the ordinary case'" rather than looking at the "real-world" facts in the individual case at hand to determine the risk of injury. *Id.* (citation omitted). The clause left "grave uncertainty" about how to estimate the risk posed by a crime by asking judges "to imagine how *the idealized ordinary case* of the crime" occurs. *Id.* at 2557-58 (emphasis added). The Court considered a variety of ways to assess an "ordinary case," including statistical analyses, surveys, and expert evidence. *Id.* at 2257-58. But none of these methods offered any "reliable way" of determining how a crime is ordinarily committed. *Id.* at 2558. Hence, the Supreme Court found that the process of identifying the "ordinary case" creates "grave uncertainty about how to estimate the risk posed by a crime." *Id.* at 2257.

Second, compounding that uncertainty, the ACCA's residual clause layered an imprecise "serious potential risk" threshold on top of the requisite "ordinary case" inquiry. The combination of "indeterminacy" created by the ordinary case inquiry and an ill-defined risk threshold resulted in "more unpredictability and arbitrariness than Due Process tolerates." *Id.* at 2558.

As recognized in *Dimaya* and *Cardena*, § 16(b) suffers from the same two flaws. Like the ACCA's residual clause, § 16(b) requires a court to identify a crime's "ordinary case" in order to measure the crime's risk, but "[n]othing in § 16(b) helps courts to perform that task."

4

*Dimaya*, 138 S. Ct. at 1215. And § 16(b)'s "substantial risk" threshold is no more determinate that ACCA's "serious potential risk" threshold. *Id.* Thus, the same "[t]wo features" that "conspire[d] to make" the ACCA's residual clause unconstitutionally void also rendered § 16(b) unconstitutionally void. *Id.* at 1216, 1223 (quoting *Johnson*, 135 S. Ct. at 2557).

Because § 924(c)(3)(B) is identical to § 16(b) – requiring the same categorical ordinary case approach and risk threshold – § 924(c)(3)(B) is also unconstitutionally vague. *Cardena*, 842 F.3d at 996; *see also United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018) ("*Dimaya*'s reasoning for invalidating § 16(b) applies equally to § 924(c)(3)(B). Section 924(c)(3)(B) is likewise unconstitutionally vague."); *In re Hubbard*, 825 F.3d 225, 230 n.3 (4th Cir. 2016) ("[T]he language of § 16(b) is identical to that in § 924(c)(3)(B), and we have previously treated precedent respecting one as controlling analysis of the other."). Mr. Allen's crime of violence conviction cannot be upheld under the residual clause of § 924(c)(3)(B).

**B.      Mr. Allen's Conviction Does Not Fall Under 924(c)(3)(A)'s Force Clause**

**1.      18 U.S.C. § 2113(a) Does Not Fall Under the Force Clause**

Mr. Allen's conviction for bank robbery under § 2113(a) does not fall under § 924(c)(3)(A)'s force clause. In determining whether a statute qualifies as a "crime of violence," courts apply a categorical approach and look to whether the elements of the offense satisfy § 924(c)(3)(A). This approach requires that courts "'look only to the statutory definitions' – *i.e.*, the elements – of a defendant's [offense], and *not* 'to the particular facts underlying [the offense]'" in determining whether the offense qualifies as a crime of violence. *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)). In applying the categorical approach, courts "must presume the conviction rested on the least serious acts that could satisfy the statute." *United States v.*

*Armour*, 840 F.3d 904, 908 (7th Cir. 2016). Thus, if the most innocent conduct penalized by a statute does not constitute a "crime of violence," then the statute categorically fails to qualify as a "crime of violence."

In *Armour*, the court held that armed bank robbery, in violation of § 2113(a) & (d), as defined by the Seventh Circuit, falls under § 924(c)(3)(A)'s force clause. *Id. Armour*, however, does not govern here because Mr. Allen was convicted in the Eighth Circuit, which has interpreted the elements of bank robbery more broadly than the Seventh.[3]  Thus, Mr. Allen's conviction could have rested on unintentional and insufficiently forceful acts that would not satisfy a § 2113 conviction in the Eighth Circuit.

Section 2113(a) penalizes conduct where a person "by force and violence, or by intimidation, takes . . . from the person or presence of another . . . or obtains . . . by extortion any property . . . belonging to . . . any bank[.]"  18 U.S.C. § 2113(a).  In *Armour*, the defendant argued the least serious act which could satisfy the statute was intimidation, and therefore the statute could not qualify as a "crime of violence" under § 924(c)(3)(A)'s force clause.  840 F.3d at 908.  The *Armour* court rejected the defendant's argument, finding instead that the Seventh Circuit's definition of intimidation "means the threat of force."  *Id*. at 909 (citation and quotations omitted).  The *Armour* court found that to satisfy the intimidation element of § 2113, a defendant must at least "[c]redibly imply[] that a refusal to comply with a demand for money will be met with more forceful measures[.]"  *Id* (citations and quotations omitted).

---

[3] Even if this Court finds that *Armour* controls, which it should not, *Armour* was incorrectly decided with respect to its conflicts with Eighth Circuit law.  Specifically, *Armour*: (1) improperly interpreted the intimidation element as encompassing a threat of violent force, (2) improperly interpreted the *mens rea* required under § 2113(a), and (3) failed to consider that bank robbery under § 2113(a) can be committed by "extortion," which plainly does not require violent physical force. *See infra.*

By contrast, in the Eighth Circuit, where Mr. Allen's conviction occurred, a defendant may be convicted absent any threat of violent force, or even absent proof that the defendant intended to intimidate; instead, the government must "simply prove . . . that the defendant intended to do or say what he in fact did or said, and that the defendant's actions were of a kind that would make an ordinary person fear bodily harm." *United States v. Pickar*, 616 F.3d 821, 826 (8th Cir. 2010). The intimidation provision can accordingly be met in the Eighth Circuit where the defendant wore a fanny pack, "acted 'real fidgety,' was moving around and at one point put his elbows up on either side of the window and leaned very close to the teller so that no more than a foot separated himself and the teller." *United States v. Yockel*, 320 F.3d 818, 824-25 (8th Cir. 2003). Pursuant to *Johnson (Curtis) v. United States*, 559 U.S. 133 (2010), such intimidation cannot qualify under § 924(c)(3)(A)'s force clause because the term "physical force" found in § 924(c)(3)(A) means "*violent* force – that is, force capable of causing physical pain or injury to another person." *Id.* at 140; *see also Flores v. Ashcroft*, 350 F.3d 666, 672 (7th Cir. 2003) (holding that a statute which included an element that criminalized any contact, however slight, did not satisfy the identical force clause of the crime of violence definition found in 18 U.S.C. § 16(b)).

Additionally, in the Eighth Circuit, the intimidation required to satisfy § 2113 can be accomplished without an intentional threat. *See Pickar*, 616 F.3d at 826 ("The government is also not required to prove that the defendant intended to intimidate anyone."); *Yockel*, 320 F.3d at 824 ("[W]hether or not [the defendant] intended to intimidate the teller is irrelevant in determining his guilt."). Because the government need not prove intent in establishing the intimidation element, it fails to satisfy the *mens rea* required under the § 924(c)(3)(A) force clause. *See Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004) ("[T]he use . . . of physical force against

7

the person or property of another . . . most naturally suggests a higher degree of intent than negligent or merely accidental conduct." (citations and quotations omitted)); *Jimenez-Gonzalez v. Mukasey*, 548 F.3d 557, 561 (7th Cir. 2008) (explaining that the identically worded "crime of violence" found in § 16(b) has a *mens rea* requirement higher than recklessness).

Finally, Eighth Circuit law gives effect to the "extortion" element of § 2113(a).  Bank robbery can be accomplished, for example, by a phone caller who threatens to malign the reputation of a bank if it does not deposit money into the caller's account.  *See United States v. Golay*, 560 F.2d 866, 869 n.2 (8th Cir. 1977) (noting that "money deposited at the direction of a phone caller making extortionate type threats" satisfies federal bank robbery elements) (citation omitted); *see also United States v. Lisinski*, 728 F.2d 887, 892 (7th Cir. 1984) ("The wrongful use of fear is satisfied if the extortioner exploits the victim's fear of economic loss, as did [the defendant] in this case.").  Such conduct plainly does not require violent force and therefore does not fall under § 924(c)(3)(A)'s force clause.  *See Flores*, *supra*.

Because a conviction in the Eighth Circuit under § 2113(a) requires neither violent force nor intentionality, Mr. Allen's § 2113(a) conviction does not satisfy the force clause found in § 924(c)(3)(A).

### 2.    18 U.S.C. § 2113(e) Does Not Fall Under the Force Clause

The killing element of § 2113(e) also does not qualify as a crime of violence under the force clause because it requires neither the use of "violent force" nor an intentional act of "violent force."  As the Eighth Circuit ruled in Mr. Allen's case, "because the plain language of 18 U.S.C. § 2113(e) simply says 'kills,' and not 'intentionally kills' or 'murders,' the settled principles of construction direct us to conclude that Congress did not intend to add an additional

scienter requirement to the killing component of the crime." *United States v. Allen*, 247 F.3d 741, 782 (8th Cir. 2001).

Because the killing required for § 2113(e) can accordingly be caused by recklessness, negligence or accident, and because the force clause of § 924(c) requires intentionality, *see Leocal*, 543 U.S. at 9, § 2113(e) does not qualify as a crime of violence under the force clause. *Compare, e.g.*, *United States v. Jackson*, 736 F.3d 953, 957-58 (10th Cir. 2013) (finding that the killing element of § 2113(e) was established where defendant accidentally caused "the traffic accident resulting in the two deaths"), *with United States v. Ossana*, 679 F.3d 733, 734 (8th Cir. 2012) ("[A] conviction . . . involving an actual 'injury to another person' but a mens rea of mere recklessness would not qualify as a crime of violence." (citation omitted)); *United States v. Smith*, 544 F.3d 781, 783 (7th Cir. 2008) (holding that if a crime only requires that a person "recklessly, knowingly, or intentionally performs . . . an act that creates a substantial risk of bodily injury to another person[,]" it does not fall within the force clause of § 924(e) (citation and quotations omitted)); *Jimenez-Gonzalez*, 548 F.3d at 560 ("[R]eckless crimes are not crimes of violence under Section 16(b).").

Likewise, the killing element required to satisfy § 2113(e) does not require the use of "violent force" and therefore does not qualify under § 924(c) force clause. *See Johnson (Curtis), supra*. To satisfy the killing element of § 2113(e), no force or threatened force is necessary. *See, e.g.*, *Jackson,* 736 F.3d at 957-58. Indeed, if someone suffers a heart attack during a bank robbery, the killing element is established. *See United States v. O'Reilly*, No. 05-80025, 2008 WL 283999 at *2 (E.D. Mich. Feb. 1, 2008) (listing heart attack as one example of a killing that would satisfy § 2113(e)); *United States v. Whitfield*, No. 3:09CR9, 2009 WL 3461134 at *2 (W.D.N.C. Oct. 21, 2009) (killing element established in § 2113(e) prosecution where victim

9

died from heart attack induced by stress of robbery).  Because neither violent force nor the intentional use of violent force are necessary to establish the killing element under § 2113(e), it does not qualify under the force clause of § 924(c)(3)(A).

## Conclusion

Neither § 2113(a) nor § 2113(e) fall under the force clause of § 924(c)(3)(A).  Because § 924(c)(3)(B) is unconstitutionally vague, Mr. Allen's underlying conviction for bank robbery under § 2113 does not qualify as a crime of violence under § 924(c).  Thus, Mr. Allen's conviction and sentence of death under § 924(j), which required an underlying conviction for a crime of violence as defined under § 924(c), is invalid.  Mr. Allen is under a sentence of death for a crime for which he is actually innocent.  For these reasons and the reasons previously set forth in Petitioner's submissions, this Court should grant relief.

Respectfully submitted,

/s/ Timothy Kane
Timothy Kane
Eric Montroy
Assistant Federal Defenders
Federal Community Defender Office
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826
Timothy_Kane@fd.org
Eric_Montroy@fd.org

**Certificate of Service**

I, Timothy Kane, hereby certify that on this 27th day of June, 2018, I filed the foregoing brief via the Court's electronic filing system, which system will serve a copy of upon government counsel:

James R. Wood
Assistant United States Attorney
10 West Market Street
Suite 2100
Indianapolis, IN 46204

/s/Timothy Kane
Timothy Kane
Assistant Federal Defender
Federal Community Defender Office
 for Eastern District of  Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826