UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BILLIE JEROME ALLEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No.  2:16-cv-00257-JMS-MJD |
| | ) |
| CHARLES DANIEL, WARDEN, | ) |
| | ) |
| Respondent. | ) |

**RETURN TO ORDER TO SHOW CAUSE**

This Court should dismiss Allen's petition for a writ of habeas corpus

filed under 28 U.S.C. § 2241. Allen does not meet the "saving clause" for

several reasons, including that his conviction under 18 U.S.C. § 2113(a) and

(e) for murder during a bank robbery qualifies as a "crime of violence" in

violation of 18 U.S.C. § 924(c) and (j). His duly imposed death penalty should

thus stand.

**BACKGROUND[1]**

In 1997, Billie Jerome Allen robbed the Lindell Bank & Trust in St.

Louis, Missouri. *United States v. Allen*, 406 F.3d 940, 941 (8th Cir. 2005).

Upon entering the bank, Allen and his partner began firing their weapons

and in doing so murdered the bank's security guard, Richard Heflin. (PSR

¶ 3.) At trial, a jury found Allen guilty of killing a person during the course of

---

[1] Throughout this brief "Dkt." Refers to the docket in this case.

a bank robbery, in violation of 18 U.S.C. § 2113(a) and (e), and of murdering a person with a firearm used during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) and (j)(1). (*Id.*) The government sought the death penalty pursuant to 18 U.S.C. § 3593(a). (*Id.*)

During the death penalty phase, the jury found two statutory aggravating factors—(1) that Allen, in committing the offense, knowingly created a grave risk of death persons in addition to the security guard and (2) that Allen committed the offense in the expectation of receiving things of pecuniary value—and one non-statutory aggravating factor—that Allen's conduct in committing the offenses was substantially greater in degree than described in the definition of the crime. (PSR ¶ 30.) Allen's jury agreed that Allen should receive the death penalty, and the district court sentenced him accordingly. *Allen*, 406 F.3d at 941.

After a very long history of appeals and collateral review, the district court denied, and the Eighth Circuit upheld, Allen's petition for successive 28 U.S.C. § 2255 petitions. *See Allen v. United States*, 836 F.3d 894 (8th Cir. 2016). The Eighth Circuit, over a dissent, "considered . . . and . . . denied [Allen's petition], because bank robbery in violation of 18 U.S.C. § 2113(a) and (e) is a 'crime of violence' under 18 U.S.C. § 924(c)(3)(A)," even in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Allen*, 836 F.3d at 894 (citing cases from the Fourth, Eighth, and Eleventh Circuits).

2

Allen then filed a § 2241 petition in this Court. (Dkt. 1.) This court ordered Allen to file a brief showing why he should be allowed to assert habeas claims pursuant to § 2255's savings clause; and Allen submitted briefs arguing both that his claims fall under § 2255's savings clause and that he should receive relief under § 2241. (Dkt. 13, 31.)

## ISSUE

Whether Allen can claim either the *Davenport* or *Webster* exceptions to 28 U.S.C. § 2255 and thus proceed to use § 2255's savings clause.

## DISCUSSION

Allen brings this action pursuant to 28 U.S.C. § 2241. In general, "§ 2255 is the exclusive means for a federal prisoner to attack his conviction [or sentence]." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003) (per curiam). However, in a "narrow class of cases," *id.*, a federal prisoner may seek traditional habeas corpus relief under § 2241 if § 2255's motion remedy "is inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e). Allen's claims do not fit within the savings clause.

The Seventh Circuit's decision in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), was the court's first, and still most comprehensive, discussion of the meaning of "inadequacy," as that term is used in § 2255(e). *Davenport* said that "[a] procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant *any*

opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a non-existent offense." *Id.* at 611 (emphasis in original).[2]

Allen has not met the standard to proceed under 28 U.S.C. § 2255(e)'s "savings clause." First, he has already presented this claim to the Eighth Circuit, which held that his claim was not meritorious. *Allen*, 836 F.3d at 894–95. Beyond that, he is not factually innocent of his convictions, and he cannot point to a structural obstacle that prevented him from properly bringing his claims under § 2255.

The Seventh Circuit has stated that § 2255's motion remedy is inadequate or ineffective only when "a structural problem in § 2255 forecloses even one round of effective collateral review—and then only when . . . the claim being foreclosed is one of actual innocence," *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002), or, that the sentence is in excess of that permitted by law, *see, e.g., Brown v. Caraway*, 719 F.3d 583, 587-88 (7th Cir. 2013). Whether there is a structural problem, that is, whether § 2255 is

---

[2] The Department of Justice has adopted a revised view of the availability of relief under § 2241, newly arguing that that habeas relief is not available to a defendant who, having been denied § 2255 relief, seeks to assert a statutory challenge to his conviction or sentence. *See McCarthan v. Collins*, No. 17-85, U.S. Brief, 2017 WL 5718660, at *9–11 (U.S. filed Oct. 20, 2017). The government notes that view here but does not advance an argument along those lines, given that Circuit precedent squarely forecloses the *McCarthan* position.

"inadequate or ineffective to test the legality" of a prisoner's "detention," 28 U.S.C. § 2255(e), "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d at 835. In other words, "something more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc).

Thus far, the Seventh Circuit has recognized a structural problem exists in two contexts. The first context involves the discovery of new evidence that does not afford a basis to bring a second or successive motion under § 2255(h)(1). In *Webster*, the Seventh Circuit held that § 2255's motion remedy was inadequate or ineffective when, following the prisoner's first § 2255 motion, he discovered new evidence, that if accepted as true, revealed the Constitution categorically prohibited his sentence to death. *Webster*, 784 F.3d at 1136.

The second exception is commonly referred to as the *"Davenport"* exception to § 2255, which requires a defendant to meet three conditions for this exception to apply. "First, the prisoner must show that he relies on a 'statutory-interpretation case,' rather than a 'constitutional case.' Second, the prisoner must show that he relies on a retroactive decision . . . . 'The third condition is that [the] sentence enhancement . . . [was] deemed a miscarriage of justice." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013)

(internal citations omitted).

It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective under these *Davenport* or *Webster* exceptions. *Collins v. Bezy*, No. 1:06-cv-00006-SEB-VSS, 2006 WL 418653 at *1 (S.D. Ind. Feb. 17, 2006) (citing *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) and *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)). *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1333 (11th Cir. 2013) (quoting 28 U.S.C. § 2255(e)).

In this case, Allen cannot meet this burden because he was not actually innocent of the crime for which he was convicted, he relies on the Constitutional case of *Johnson v. United States* not a statutory interpretation case, and there was no miscarriage of justice brought about by his death sentence because his crimes duly qualify as "crimes of violence." Allen therefore fails to meet the *Webster* or *Davenport* requirements for establishing that his § 2255 remedy was ineffective or inadequate and cannot proceed under 28 U.S.C. § 2255(e)'s "saving clause."

## I.   Allen Cannot Use § 2241 to Relitigate a Claim That Was Rejected in a Previous § 2255 Motion

As an initial matter, Allen cannot clear the first decisive procedural barrier: § 2241 precludes relitigation of claims already presented and decided.

And Allen is seeking a second bite at this apple.  He presented this exact claim and the Eighth Circuit denied his claim. *Allen*, 836 F.3d at 894–95. While the Eighth Circuit denied his petition for a second or successive motion, it did so on the merits—explicitly holding that § 2113(a) and (e) is a crime of violence. *Id.*

Thus, his § 2241 petition must be dismissed. "A claim presented in a second or successive habeas corpus application under section [2255] that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1); *cf. Taylor v. Gilkey*, 314 F.3d 832, 836 (7th Cir. 2002) (explaining that "[a]lthough § 2244 refers to § 2254 rather than § 2255," it is "equally applicable to § 2255 motions."). Because "[t]he claim [Allen] now wants to present was presented before . . . under § 2244(b) it *must* be dismissed." *Taylor*, 314 F.3d at 836 (emphasis in original); *cf. Fuller v. United States*, 398 F.3d 644, 648 (7th Cir. 2005).

Nor does § 2255's "savings clause" offer him any respite. "Ordinarily § 2255 is the exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003) (per curiam). "However, in a narrow class of cases, under § 2255's 'savings clause,' a federal prisoner may bring a § 2241 petition." *Hill v. Werlinger*, 695 F.3d 644, 647 (7th Cir. 2012) (citing *Unthank v. Jett*, 549 F.3d 534, 535 (7th Cir. 2008)). Section 2255's "savings clause" reads as follows:

7

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

That language "implies a focus on procedures rather than outcomes." *Taylor*, 314 F.3d at 835. Thus, "something more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc). Put differently, "§ 2255 is 'inadequate or ineffective' only when a structural problem in § 2255 forecloses even one round of effective collateral review." *Taylor*, 314 F.3d at 835; *see also Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

No structural problem exists here. Allen presented his claim in a § 2255 motion, and the Eighth Circuit found his claim lacked merit. There was nothing "structural" about the Eighth Circuit's determination—the court did not say Allen was procedurally barred or foreclosed someway from raising his claim, the court said Allen's claim was lacking merit. *Allen*, 836 F.3d at 894–95. Thus, § 2255 cannot have been "inadequate or ineffective." *See Taylor*, 314 F.3d at 836. Allen attempts to avoid this outcome by claiming he had unequal access to appellate review of his issue. (Dkt. 7.) But that is not right.

8

He had access to appellate review—he just does not like what that appellate court had to say. That is not a structural problem with § 2255 that foreclosed review. *Taylor*, 314 F.3d at 835.

This Court should dismiss Allen's petition.

## II.    The *Webster* Exception Does Not Apply to Allen's Case Because He Is Factually Guilty of the Crimes for Which He Was Convicted

According to *Webster v. Daniels*, § 2255's motion remedy is inadequate or ineffective when, following the prisoner's first § 2255 motion, he discovered new evidence, that if accepted as true, revealed the Constitution categorically prohibited his sentence to death. 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc). In that case, Webster could not bring that claim in a successive § 2255 motion because the new evidence bore only on the legality of his sentence, not his guilt or innocence of "the offense." *See* 28 U.S.C. § 2255(h)(2) (court of appeals can grant permission to bring successive motion only if newly discovered evidence shows movant could not be found guilty of "the offense"); 784 F.3d at 1125, 1139–40.

Much like Webster, Allen cannot point to any newly discovered evidence that shows he is factually innocent of the offense he committed. He is only contesting the legality of his sentence, which is not an exception recognized by § 2255's savings clause. Allen therefore cannot claim the *Webster* exception.

### III.   Allen Cannot Claim the *Davenport* Exception Because His Case Is a Constitutional, Not Statutory

To claim the Davenport exception, a prisoner such as Allen must first show "that he relies on a 'statutory-interpretation case,' rather than a 'constitutional case.' *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

Allen fails this prong because, as he stated in his brief supporting his § 2241 petition, his petition rests on the constitutional argument that per *Johnson v. United States*, 18 U.S.C. 924(c)(3)(B) is unconstitutionally vague. (Dkt. 31 at 3–4.) This is a patently constitutional argument on which his whole petition depends, and that forecloses the *Davenport* exception.

Allen says, however, that he *raises* a statutory argument. (Dkt. 13 at 8–9.) But that is not the question. Any litigant could raise a "statutory argument," but what matters is not how a litigant couches his claim—otherwise, clever litigants could eviscerate the *Davenport* standard by creative framing. Instead, the question is whether a litigant "relies on a 'statutory-interpretation *case*.'" *Brown*, 719 F.3d at 586 (emphasis supplied). The whole point of the exception outlined in *Davenport*—that the retroactive case was one of statutory interpretation—is that a "structural problem" exists for new statutory cases, but not new constitutional issues because 28 U.S.C. § 2255(h)(2) allows a second motion for a "new rule of constitutional law." *Davenport*, 147 F.3d at 607, 610–11.

10

And "Johnson is not a case of statutory interpretation; it is a constitutional case." *Barnes v. Werlich*, 2018 WL 4504464, at \*2 (S.D. Ill. Sept. 20, 2018) (citing *Welch v. United States*, 136 S. Ct. 1257, 1264 (2016); *Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015)). Thus, under *Davenport*, no "structural problem" exists. Allen does not meet the requirements of the saving clause because he relies on a constitutional case.

## IV. There Was No Miscarriage of Justice Allen's Conviction for Robbery Under 18 U.S.C. § 2113(a) Qualifies as a "Crime of Violence" That Can Lead to a Death Sentence

The third condition for a prisoner to claim the Davenport exception is that the prisoner suffer a "miscarriage of justice." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (internal citations omitted). Allen did not suffer a miscarriage of justice by receiving a death sentence because his convictions for robbery and murder were violent felonies that could lawfully warrant the death penalty under 18 U.S.C. § 924(c) and (j).

18 U.S.C. § 924(c)(3)(A) defines "crime of violence" in its "force clause" as any felonious offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." The predicate offense at issue in this case is 18 U.S.C. § 2113(a), which makes punishable anyone who "by force and violence, or by intimidation, takes, or attempts to take . . . by extortion any property . . . belonging to . . .

11

any bank . . . ." Both the Seventh and Eighth Circuits have held that a conviction for robbery under § 2113(a) qualifies as a crime of violence.

First, in *United States v. Armour*, the Seventh Circuit determined that "robbery by intimidation under § 2113(a) qualifies as a crime of violence." 840 F.3d 904, 909 (7th Cir. 2016). Much like Allen, "Armour base[d] his challenge on the fact that a person can commit robbery by 'intimidation,' as distinct from 'by force or violence,' and he argue[d] that robbery by 'intimidation' does not qualify as a crime of violence." *Id.* The court explicitly disagreed with that argument and stated that even "presum[ing] the conviction rested on the least serious acts that could satisfy the statute" (i.e. intimidation), "[i]ntimidation means the threat of force." *Id.* at 908–09. "A defendant properly convicted of bank robbery is guilty per se of a crime of violence, because violence in the broad sense that includes a merely threatened use of force is an element of every bank robbery." *Id.* at 909. "[T]he violent force that must be feared for robbery by intimidation to be a crime of violence has a low threshold," and "[a] bank employee can reasonably believe that a robber's demands for money to which he is not entitled will be met with violent force of the type satisfying [it]." *Id.*

Similarly, the Eighth Circuit has explicitly held that a conviction under § 2113(a) qualifies as a crime of violence. In *United States v. Harper*, the Eighth Circuit held that "[b]ank robbery by intimidation under § 2113(a) is a

crime of violence under the force clause, because it involves a threatened use of force." 869 F.3d 624, 626–27 (8th Cir. 2017); s*ee also Allen*, 836 F.3d at 894–95 (per curiam) (holding that bank robbery in violation of § 2113(a) and (e) is a "crime of violence" under the force clause of 18 U.S.C. § 924(c)(3)(A)); *United States v. Johnson*, 962 F.2d 1308, 1312 (8th Cir. 1992) ("[B]ank robbery is indisputably a crime of violence . . . ."); *Holder v. United States*, 836 F.3d 891, 892 (8th Cir. 2016).

In making this determination the court flatly rejected the defendant's contention—which is exactly the same as Allen's current argument—that "the most innocent conduct penalized under § 2113(a) is 'intimidation,' and that a violation of § 2113(a) by intimidation does not have, as an element, the use, attempted use, or threatened use of physical force against the person of another." *Id.* Instead the court held that "robbery by intimidation under § 2113(a) categorically involves the threatened use of force" because "[i]ntimidation means the threat of force." *Id.*

Because Allen's conviction for bank robbery under § 2113(a) qualifies as a "crime of violence," he correctly received the death penalty for violating § 924(c) and (j) by using a firearm during a crime of violence that resulted in a murder.[3] There was no "miscarriage of justice" that permits this § 2241 action.

---

[3] The question of whether Allen's conviction under 18 U.S.C. § 2113(e) is in

## CONCLUSION

For the reasons stated above, the Respondent respectfully urges the

Court to dismiss Allen's petition for a writ of habeas corpus with prejudice.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By:   s/ Brian Reitz
      Brian Reitz
      Assistant United States Attorney

---

itself a crime of violence is irrelevant because 2113(e) relies on establishing the most fundamental predicate offense of bank robbery. So as long as the robbery under § 2113(a) is a crime of violence, no additional provisions matter. *See United States v. McDuffy*, 194 F. Supp. 3d 1054, 1060 (D. Nev. 2016) (explaining that questions surrounding 2113(e) are "not relevant to the determination of whether the predicate offense — bank robbery — qualifies as a crime of violence" and therefore the defendant's "additional argument . . . that bank robbery with a dangerous weapon resulting in death is not a categorical crime of violence under § 924(c)(3)(A) because the offense need not involve intentional killing — is tenuous.").

14

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2018, a copy of the foregoing Return to Order to Show Cause was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system.  Parties may access this filing through the court's system.

s/ Brian Reitz
Brian Reitz
Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333
Fax: (317) 226-6125
E-mail: Brian.Reitz@usdoj.gov