IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

Case No. 2:16-cv-00257-JMS-MJD

_____

BILLIE JEROME ALLEN,

Petitioner,

v.

CHARLES DANIELS,
Warden, United States
Penitentiary – Terre Haute,

Respondent.

_____

REPLY TO RETURN TO ORDER TO SHOW CAUSE

Petitioner, through counsel, respectfully submits this reply to Respondent's Return to Order to Show Cause.  Dkt. No. 35.

Respondent argues that this Court should dismiss Petitioner's 28 U.S.C. § 2241 petition as not meeting the standard under the savings clause of 28 U.S.C. § 2255(e) because, according to Respondent, the instant claim was previously adjudicated on the merits and therefore no structural obstacle prevented Petitioner from bringing his claim under § 2255.  *Id*. at 1, 4.[1] Respondent further argues that Petitioner is challenging only the legality of his sentence, not his conviction, and that precedent forecloses Petitioner's argument that bank robbery is not categorically a crime of violence.

As discussed below, each of Respondent's arguments fails.

_____

[1] Respondent does not address Petitioner's contention that, regardless of the applicability of § 2225(e), his constitutional right to the writ of habeas corpus entitles him to a merits ruling, subject to appellate review, on his petition.

I.    Petitioner's claim was not previously adjudicated on the merits.

Respondent contends that, because a panel for the Eighth Circuit denied Petitioner's application for authorization to file a second or successive § 2255 petition raising this claim, he cannot subsequently file a petition under § 2241, because § 2241 precludes re-litigation of claims already presented and decided.  Dkt. No. 35 at 6.  A denial of an application for authorization to file a second or successive petition, however, is not a merits ruling and thus does not foreclose litigation under § 2241.  *See Bennett v. United States*, 119 F.3d 468, 470 (7th Cir. 1997); *see also In re Smith*, 285 F.3d 6, 7 (D.C. Cir. 2002) ("[O]nly the district court has jurisdiction to determine the merits of the [§ 2255] motion once the circuit authorizes it"); *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir.1998) ("[R]eaching the merits of an uncertified second or successive § 2255 petition impermissibly circumvents the AEDPA's gatekeeping provisions.").  Indeed, in *Webster v. Daniels*, 784 F.3d 1123, 1134-35 (7th Cir. 2015) (en banc), the court ruled that a § 2241 petition was appropriate *after* the Fifth Circuit denied the petitioner's application for authorization to file a second or successive § 2255 petition raising the same claim.  The posture of Petitioner's claim is no different.

In *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002), the court explained that a § 2241 petition is appropriate where a structural problem in § 2255 forecloses effective collateral review.  Here, as in *Webster*, Petitioner was deprived of effective collateral review when a panel for the Eighth Circuit denied his application for authorization to file a second or successive § 2255 petition.  Because of the structural limits set forth in § 2255, and even though one member of the panel dissented from the denial of authorization to file a successive § 2255 petition, Petitioner was foreclosed from merits review of his claim and from appellate review of the

2

Eighth Circuit's decision.  *See Allen v. United States*, 836 F.3d 894, 895 (8th Cir. 2016); 28 U.S.C. § 2244(b)(3)(E).

Respondent nevertheless argues that under 28 U.S.C. § 2244(b)(1), this Court must dismiss the petition because Petitioner's claim was already presented in a habeas corpus petition. Dkt. No. 35 at 7.  Respondent is incorrect.   Because the Eighth Circuit denied Petitioner authorization to file a second § 2255 petition, he was never able to present this claim for adjudication on the merits.  And because this claim was not previously adjudicated, § 2244(b) does not bar relief.  *Cf.* 28 U.S.C. 2244(b)(1) ("A claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed.").


## II.    Petitioner is contesting the legality of his conviction.

Respondent further argues that Petitioner "is only contesting the legality of his sentence, which is not an exception recognized by § 2255's savings clause." Dkt. No. 35 at 9.  This is not correct; Petitioner's claim squarely contests the legality of his conviction, not his sentence.  *See* Dkt. No. 31 at 2, 10.  Petitioner was convicted and sentenced to death for using a firearm during a federal "crime of violence" that resulted in a murder, in violation of 18 U.S.C. § 924(j) & (c)(3).[2]  The predicate "crime of violence" that served as the basis for his § 924(j) & (c)(3) conviction was bank robbery in violation of 18 U.S.C. § 2113(a) & (e).  If § 2113(a) & (e) do not qualify as a "crime of violence," Petitioner is actually innocent of the crime for which he was convicted and sentenced to death.  *See id.* at 5-10.

---

[2] Mr. Allen was also convicted and sentenced to life imprisonment without the possibility of parole for bank robbery in which a killing occurs under 18 U.S.C. § 2113.  That conviction and sentence are not at issue here.

III.     The petition relies on a question of statutory interpretation.

Respondent argues that Petitioner's "whole petition depends" on a constitutional argument under *Johnson v. United States*, 135 S. Ct. 2551 (2015), but that § 2241 provides a vehicle only for claims based on statutory interpretation. Dkt. No. 35 at 10-11. Respondent misapprehends Petitioner's claim. The merits of his claim depend on whether the crime of federal bank robbery under § 2113 qualifies under *either* § 924(c)(3)(A)'s force clause *or* § 924(c)(3)(B)'s residual clause. *Johnson* establishes the constitutional infirmity only of the residual clause and thus brings to the fore the statutory interpretation question of whether the crime qualifies under the force clause. This latter question is undoubtedly one of statutory interpretation.[3] *See Johnson (Curtis) v. United States*, 559 U.S. 133, 140 (2010); *Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004). Accordingly, Petitioner's claim is cognizable under § 2241.

IV.     Bank robbery under § 2113(a) does not qualify under the force clause of § 924(c)(3)(A).

Finally, Respondent argues that robbery by intimidation under § 2113(a) qualifies under § 924(c)(3)(A)'s force clause. Dkt. No. 35 at 12-13. Respondent fails to rebut, however, Petitioner's argument that the extortion element of § 2113(a) excludes it from the purview of the force clause. *See* Dkt. No. 31 at 8. Moreover, Respondent does not address the Eighth Circuit case law establishing that robbery under § 2113(a) can be accomplished without threat of violent force and without intentional threat. *See id.* at 7-8. That case law has never been overturned and establishes a sound basis for Petitioner's claim. And even if more recent Eighth Circuit precedent relied upon by Respondent conflicts with this case law, *see* Dkt. No. 35 at 12-13, the

---

[3] Respondent's reliance on *Barnes v. Werlich*, 2018 WL 4504464 (S.D. Ill. Sept. 20, 2018), *see* Dkt. No. 35 at 11, is misplaced because the petition there did not rely on a statutory challenge to Barnes' conviction. Rather, Barnes raised a claim challenging a sentence enhancement under the advisory sentencing guidelines. *See Barnes*, 2018 WL 4504464 at *1.

recent precedent is inconsistent both with the Supreme Court's recognition that "physical force" under § 924(c)(3)(A) means "violent force – that is, force capable of causing physical pain or injury to another person," *Johnson (Curtis)*, 559 U.S. at 140, and with the Supreme Court's recognition that the force clause requires that the defendant use *intentional* force, *Leocal*, 543 U.S. at 9.

## Conclusion

For the reasons set forth above and in Petitioner's prior submissions, this Court should grant a writ of habeas corpus and vacate Petitioner's conviction under 18 U.S.C. § 924.

Respectfully submitted,

/s/ Timothy Kane
Timothy Kane
Eric Montroy
Assistant Federal Defenders
Federal Community Defender Office
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826
Timothy_Kane@fd.org
Eric_Montroy@fd.org

5

## <u>Certificate of Service</u>

I, Timothy Kane, hereby certify that on this 1st day of November, 2018, I filed the foregoing reply brief via the Court's electronic filing system, which system will serve a copy of upon government counsel:

Brian Reitz
James R. Wood
Assistant United States Attorneys
10 West Market Street
Suite 2100
Indianapolis, IN 46204

<u>/s/Timothy Kane</u>
Timothy Kane
Assistant Federal Defender
Federal Community Defender Office
 for Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826