UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

BILLIE JEROME ALLEN,　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Petitioner,　　　　　　)
　　　　　　　　　　　　　　　　)
　v.　　　　　　　　　　　　　　) Case No.  2:16-cv-00257-JMS-MJD
　　　　　　　　　　　　　　　　)
CHARLES DANIEL, WARDEN,　　　)
　　　　　　　　　　　　　　　　)
　　　　　Respondent.　　　　　　)

**SUPPLEMENTAL RETURN TO ORDER TO SHOW CAUSE**

The Respondent, by counsel, responds in compliance with the Court's

order issued on June 26, 2019.  (Dkt. 40.)

The Supreme Court's decision in *United States v. Davis*, 588 U.S. __,

139 S. Ct. 2319 (June 24, 2019), has no impact on the issues raised in this

cause of action.  Allen's conviction and sentence remain valid under the force

clause of 18 U.S.C. § 924(c)(3)(A).

For the reasons herein, and in the Respondent's initial return, the Court

should dismiss Allen's petition for writ of habeas corpus brought pursuant to

28 U.S.C. § 2241.

**BACKGROUND**

A jury found Allen guilty of guilty of killing a person during the course

of an armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (e), (Count

I), and of murdering a person with a firearm used during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) and (j)(1), (Count II). After the penalty phase, the jury determined that a sentence of life imprisonment was justified on Count I and that a sentence of death was justified on Count II. The district court sentenced Allen accordingly. *United States v. Allen*, 406 F.3d 940, 941 (8th Cir. 2005). Allen's convictions and sentences were affirmed on appeal. *Id.*

After seeking collateral review under 28 U.S.C. § 2255, which was denied, *Allen v. United States*, 829 F.3d 965, 996 (8th Cir. 2016), Allen sought permission from the Eighth Circuit to file a second or successive § 2255 motion raising the same arguments he raises in this cause of action. *Allen v. United States*, 836 F.3d 894, 894-95 (8th Cir. 2016). The Eighth Circuit "considered . . . and . . . denied [Allen's petition], because bank robbery in violation of 18 U.S.C. § 2113(a) and (e) is a 'crime of violence' under 18 U.S.C. § 924(c)(3)(A)," even in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Allen v. United States*, 836 F.3d 894, 894-95 (8th Cir. 2016).

## DISCUSSION

As presented in the Respondent's initial return, at least three reasons prevent Allen's claim from succeeding.

First, he is effectively relitigating a claim that the Eighth Circuit

denied.  (*See* Dkt. 35, pp. 6–9.)

Second, Allen's constitutional claim is inapt under § 2241.  *Johnson* held that held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)'s "violent felony" definition is void for vagueness.  That holding announced a new rule of constitutional law, not a rule of statutory construction.  *See Price v. United States*, 795 F.3d 731, 733-34 (7th Cir. 2015) ("*Johnson* rests on the notice requirement of the Due Process Clause of the Fifth Amendment, and thus the new rule that it announces is one of constitutional law."); *King v. Werlich*, No. 16-cv-300-DRH-CJP, 2016 WL 1583936 at * 2 (S.D. Ill. Apr. 20, 2016) ("*Johnson* cannot be the basis for a § 2241 petition").  *Davis,* which simply extended *Johnson's* holding to § 924(c)(3), likewise involves an issue of constitutional law.

Thus, Allen could and did seek permission from the Eighth Circuit to file a successive § 2255 motion raising his *Johnson* claim.  *See* 28 U.S.C. § 2255(h).  The fact that the Eighth Circuit did not find his *Johnson* claim meritorious, does not render § 2255 inadequate or ineffective. *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) ("something more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied")

Third, even considering *Davis*, Allen is not factually innocent of his

convictions.  Allen's conviction for carrying or using a firearm during a crime of violence (*i.e.* armed bank robbery under 18 U.S.C. § 2113(a) and (e)) and committing murder, in violation of 18 U.S.C. § 924(c)(1) and (j) is valid.

*Johnson* and *Davis* do not address the force clause, § 924(c)(3)(A).  And courts have found that armed bank robbery remains a crime of violence under the force clause.  As presented in the government's initial response, because the force clause remains valid, Allen cannot meet his burden of showing a miscarriage of justice—that he is actually innocent of the firearm offense. (Dkt. 35, p. 11-14.)  His convictions for armed robbery and murder were violent felonies that could lawfully warrant the death penalty under 18 U.S.C. § 924(c) and (j).  *See United States v. Armour*, 840 F.3d 904, 909 (7th Cir. 2016); *United States v. Harper*, 869 F.3d 624, 626–27 (8th Cir. 2017); *see also Allen*, 836 F.3d at 894–95 (per curiam) (holding that bank robbery in violation of § 2113(a) and (e) is a "crime of violence" under the force clause of 18 U.S.C. § 924(c)(3)(A)); *United States v. Johnson*, 962 F.2d 1308, 1312 (8th Cir. 1992) ("[B]ank robbery is indisputably a crime of violence . . . ."); *Holder v. United States*, 836 F.3d 891, 892 (8th Cir. 2016).

Allen's claim is both legally incorrect and procedurally barred.

## CONCLUSION

For the reasons stated in the Respondent's initial response, and for the

4

reasons stated herein, this Court should dismiss Allen's petition for a writ of habeas corpus.

JOSH J. MINKLER
United States Attorney

By:   s/ Brian Reitz
        Brian Reitz,
        Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I certify that on August 9, 2019, a copy of the foregoing was filed

electronically.  Notice of this filing will be sent to all ECF-registered counsel

of record *via* email generated by the Court's ECF system.


By:    s/ Brian Reitz
       Brian Reitz
       Assistant United States Attorney
       Office of the United States Attorney
       10 W. Market St., Suite 2100
       Indianapolis, Indiana 46204-3048
       Telephone: (317) 226-6333
       Fax: (317) 226-6125
       E-mail: Brian.Reitz@usdoj.gov