**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA**

|  |  |  |
|---|---|---|
| Billie Jerome Allen, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:16-cv-00257-JMS-MJD |
| | ) | |
| Charles Daniels, | ) | Capital Case |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**PETITIONER'S SUPPLEMENTAL RESPONSE TO
SUPPLEMENTAL RETURN**

Petitioner, through counsel, respectfully responds to Respondent's Supplemental Return to Order to Show Cause.

Respondent argues that Petitioner cannot obtain relief because: (1) he is relitigating a claim that the Eighth Circuit adjudicated when it denied authorization for Petitioner to file a second or successive petition raising this claim; (2) *United States v. Davis*, 558 U.S. __, 139 S. Ct. 2319 (June 24, 2019), establishes a rule of constitutional law and thus relief is unavailable under 28 U.S.C. § 2241; and (3) Petitioner's predicate offense, bank robbery under 18 U.S.C. § 2113(a), remains a crime of violence under the force clause of 18 U.S.C § 924(c)(3)(B). Dkt. No. 41 at 2-3. Each of these arguments were raised and addressed in prior submissions, *see* Dkt. Nos. 31 & 36, but Petitioner will briefly address them here.

Petitioner's claim was not previously adjudicated on the merits, and thus he is not relitigating this claim. *See* Dkt. No. 36 at 2-3. A denial of an application for authorization to file a second or successive § 2255 petition is not a merits ruling and thus does not preclude litigation under § 2241. *Id*.; *see also Webster v. Daniels*, 784 F.3d 1123, 1134-35 (7th Cir. 2015) (ruling a

1

§ 2241 petition was appropriate even after the Fifth Circuit denied petitioner's application to file a second or successive § 2255 petition raising the same claim).

Moreover, although *Davis* involved a rule of constitutional law, the merits of Petitioner's claim depend on whether § 2113(a) qualifies under § 924(c)(3)(A)'s force clause. That question is undoubtedly one of statutory interpretation. *See* Dkt. No. 36 at 4. Thus, adjudication under § 2241 is appropriate.

Finally, although the Seventh Circuit held that § 2113(a) is a crime of violence under the force clause, *United States v. Armour*, 840 F.3d 904, 909 (7th Cir. 2016), it did not consider whether the extortion element of § 2113(a) excludes it from falling under the force clause. *See id.*; Dkt. No. 31 at 8; Dkt. No. 36 at 4. Respondent also does not address that Eighth Circuit case law – where Petitioner was convicted – allows for conviction under § 2113(a) without threat of violent force and without intentional threat. *See* Dkt. No. 31 at 7-8.

For the reasons set forth above and in Petitioner's prior submissions, this Court should grant a writ of habeas corpus and vacate Petitioner's conviction under 18 U.S.C. § 924.

Respectfully submitted,

/s/ Timothy Kane
Timothy Kane
Eric Montroy
Assistant Federal Defenders
Federal Community Defender Office
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826
Timothy_Kane@fd.org
Eric_Montroy@fd.org

2

## Certificate of Service

I, Timothy Kane, hereby certify that on this 6th day of November, 2019, I filed the foregoing response via the Court's electronic filing system, which system will serve a copy of the motion upon government counsel:

Brian Reitz
James R. Wood
Assistant United States Attorneys
10 West Market Street
Suite 2100
Indianapolis, IN 46204

/s/ Timothy Kane
Timothy Kane
Assistant Federal Defender
Federal Community Defender Office
 for Eastern District of  Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826