UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BILLIE JEROME ALLEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-00257-JMS-MJD |
| | ) | |
| CHARLES DANIELS, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for a Writ of Habeas Corpus**

Petitioner Billie Jerome Allen and a confederate robbed a bank in St. Louis in 1997, killing security guard Richard Heflin in the process. A jury convicted Mr. Allen of killing a person during the course of a bank robbery, *see* 18 U.S.C. § 2113(a) and (e), and murdering a person with a firearm used during and in relation to a crime of violence, 18 U.S.C. § 924(c) and (j)(1). He was sentenced to life imprisonment for the § 2113 offense and death for the § 924 offense.

Mr. Allen has filed a petition for a writ of habeas corpus alleging that his § 924 conviction violates due process because bank robbery is not a crime of violence. Because his claim is barred by 28 U.S.C. § 2253(e), the petition is **denied**.

**I. Background**

Following his convictions and sentence in the United States District Court for the Eastern District of Missouri, Mr. Allen appealed to the Eighth Circuit Court of Appeals, which eventually affirmed in an en banc decision. *United States v. Allen*, 406 F.3d 940 (8th Cir. 2005) (en banc).

Mr. Allen next filed a 28 U.S.C. § 2255 motion in the Eastern District of Missouri. The district court denied the motion, and the Eighth Circuit affirmed. *Allen v. United States*, 839 F.3d 965 (8th Cir. 2016).

1

In 2016, Mr. Allen sought leave from the Eighth Circuit to file a successive § 2255 motion, citing *Johnson v. United States*, where the Supreme Court held that a statute similar to § 924(c)(3)(B) is unconstitutionally vague.[1] The Eighth Circuit denied leave to file, holding that Mr. Allen's conviction was valid regardless of *Johnson*'s implications for § 924(c)(3)(B). Specifically, the court held that Mr. Allen's § 924 conviction was valid based on § 924(c)(3)(A), which *Johnson* did not implicate. *Allen v. United States*, 836 F.3d 894, 894−95 (8th Cir. 2016).

While pursuing leave to file a successive § 2255 motion, Mr. Allen also filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. The petition alleges that Mr. Allen's § 924(c) conviction must be vacated because (1) § 924(c)(3)(B) is unconstitutionally vague and (2) his offense of bank robbery is not a crime of violence under § 924(c)(3)(A). The Supreme Court recently held that § 924(c)(3)(B) is indeed unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319 (2019).

## II. Applicable Law

For a federal prisoner like Mr. Allen, § 2255 is the default vehicle for collaterally attacking a conviction or sentence. A court may not consider a prisoner's § 2241 petition attacking a federal conviction or sentence except where § 2255's remedy is "inadequate or ineffective." 28 U.S.C. § 2255(e). This exception applies only "when a structural problem in § 2255 forecloses even one round of effective collateral review." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *see Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (same).

The Seventh Circuit has identified a handful of specific situations where structural problems foreclose effective review in a successive § 2255 motion. *See, e.g., In re Davenport*, 147 F.3d 605, 610 (7th Cir. 1998) (where the claim alleges a miscarriage of justice and is based on a

---

[1] 135 S. Ct. 2551, 2557−58 (2015) (holding 18 U.S.C. § 924(e)(2)(B)(ii) unconstitutional).

new rule of statutory interpretation made retroactive by the Supreme Court); *Garza v. Lappin*, 253 F.3d 918, 920 (7th Cir. 2001) (where the claim is premised on the ruling of an international tribunal issued after the prisoner's first round of § 2255 review was complete); *Webster* 784 F.3d at 1139 (where a claim relies on new evidence that existed but was unavailable at trial and that shows "that the Constitution categorically prohibits a certain penalty").

### III. Discussion

No structural problem with § 2255 has prevented review of Mr. Allen's claim. On the contrary, his pursuit of § 2255 relief was cut short because the Eighth Circuit considered his claim and disagreed with him on the merits. Mr. Allen cannot show that § 2255 is "inadequate or ineffective," so he cannot bring this habeas corpus petition. 28 U.S.C. § 2255(e).

#### A. "Unequal Access"

Mr. Allen first argues that he should be able to file a habeas corpus petition because otherwise he will be denied "[]equal access to a decision on the merits" of his claim and "[]equal access to appellate resolutions of questions of federal law." Dkt. 13 at 5−7. He cites no case where a court has held that this sort of unequal access creates a structural problem that renders § 2255 "inadequate or ineffective." Regardless, Mr. Allen's argument fails because it rests on the false premise that the Eighth Circuit did not decide the merits of his claim when denying him leave to file a successive § 2255 motion.

Ordinarily, a prisoner may bring only one § 2255 motion per conviction. But a prisoner may bring a second or successive § 2255 motion if the court of appeals for the district where his motion is filed determines that the second or successive motion relies on

> (1) newly discovered evidence that, if proven and viewed in light of the evidence
> as a whole, would be sufficient to establish by clear and convincing evidence that
> no reasonable factfinder would have found the movant guilty of the offense; or

3

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

According to Mr. Allen, when the Eighth Circuit applied § 2255(h) to bar his claim, it foreclosed merits review. But the Eighth Circuit's consideration of the merits is readily apparent from its decision. Mr. Allen argued that his § 924 conviction for murdering a person with a firearm used during and in relation to a crime of violence must be vacated because § 924(c)(3)(B) is unconstitutionally vague and bank robbery is not a crime of violence under § 924(c)(3)(A). The panel did not address § 924(c)(3)(B) but denied Mr. Allen leave to file a successive § motion "because bank robbery in violation of 18 U.S.C. § 2113(a) and (e) is a 'crime of violence' under 18 U.S.C. § 924(c)(3)(A)." *Allen*, 836 F.3d at 894.

In effect, Mr. Allen alleges that the Eighth Circuit sidestepped the 28 U.S.C. § 2255(h) gateway standard to reach the merits of his claim. Whether proper or not, the Eighth Circuit's merits review of Mr. Allen's claim cannot constitute a structural problem with § 2255 that prevented merits review of Mr. Allen's claim. That remains true even if other courts disagree with the Eighth Circuit's conclusion. *Davenport*, 147 F.3d at 612 ("When there is a circuit split, there is no presumption that the law in the circuit that favors the prisoner is correct, and hence there is no basis for supposing him unjustly convicted merely because he happens to have been convicted in the other circuit.").

### B. *Davenport*'s Statutory Interpretation Exception

Next, Mr. Allen invokes a more well-established exception that allows a federal prisoner to raise a claim in habeas corpus based on the Supreme Court's pronouncement of a new, retroactive rule of statutory interpretation. *In re Davenport*, 147 F.3d 605, 610 (7th Cir. 1998);

*Montana v. Coss*, 829 F.3d 775, 783 (7th Cir. 2016). The trouble for Mr. Allen is that he does not rely on a new, retroactive rule of statutory interpretation.

In *Davis*, the Supreme Court held that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. 139 S. Ct. at 2336. Every circuit to consider the question has held that *Davis* pronounced a new rule of constitutional law made retroactive to cases on collateral review, thereby opening the door to a successive § 2255 motion. *In re Matthews*, 934 F.3d 296, 301 (3d Cir. 2019); *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019); *In re Franklin*, 950 F.3d 909, 910 (6th Cir. 2020) (mem. op.); *In re Mullins*, 942 F.3d 975, 977 (10th Cir. 2019); *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019). Because § 2255 is available for a *Davis* claim, § 2241 is not. *Figueroa v. Ortiz*, 2020 WL 2029496, at *3 (D.N.J. Apr. 28, 2020) ("The Supreme Court decision in Davis announced a new rule of *constitutional* law rather than a new statutory interpretation when it held the residual clause of § 924(c)(3)(B) unconstitutionally vague. For that reason alone, Section 2255 is not inadequate or ineffective." (emphasis retained)).

Mr. Allen notes that he also makes a statutory interpretation argument—namely that bank robbery is not a crime of violence under § 924(c)(3)(A). But this statutory argument does not rely on a newly pronounced, retroactive rule from the Supreme Court. His claim therefore does not meet the *Davenport* exception. *Davenport*, 147 F.3d at 611 (requiring that "the change of law has . . . been made retroactive by the Supreme Court.").

**IV. Motion for Law Library Access**

After Mr. Allen's § 2241 petition was fully briefed, he filed a pro se motion for an order directing prison staff to allow him greater access to the law library so he can effectively manage his other litigation. As the Court has reminded Mr. Allen before, *see* dkts. 15 and 39, any filings

5

he wishes to make in this action must be submitted by counsel. Mr. Allen's motion for law library access, dkt. [47], is **denied**.

## V. Conclusion

Mr. Allen's petition for a writ of habeas corpus is barred by 28 U.S.C. § 2255(e) and is therefore **denied**. Final judgment shall now enter.

**IT IS SO ORDERED.**

Date: 5/18/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Timothy Patrick Kane
FEDERAL COMMUNITY DEFENDER OFFICE
timothy_kane@fd.org

Eric John Montroy
FEDERAL COMMUNITY DEFENDER OFFICE
eric_montroy@fd.org

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov