**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA**

|  |  |  |
|---|---|---|
| Billie Jerome Allen, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:16-cv-00257-JMS-MJD |
| | ) | |
| Charles Daniels, | ) | Capital Case |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT**

Petitioner, Billie Allen, through undersigned counsel, hereby moves pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend the Court's judgment, order, and memorandum dated May 18, 2020.

**INTRODUCTION**

On May 18, 2020, this Court entered an order denying Mr. Allen's petition for habeas corpus under 28 U.S.C. § 2241. *See Order Denying Petition for Writ of Habeas Corpus*, Dkt. 48. Mr. Allen now seeks to alter or amend the Court's order pursuant to Rule 59(e).

Rule 59(e) "was adopted to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982). The rule enables a district court to reverse a mistaken judgment, and so make an appeal altogether unnecessary. *Banister v. Davis*, No. 18-6943, 2020 WL 2814300, at *6 (U.S. June 1, 2020). Relief under Rule 59(e) is appropriate where the movant establishes: "(1) that the court committed a manifest error of law or fact, or (2)

1

that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted).

A district court's failure to notice or consider arguments or authorities that justify relief also constitutes an appropriate ground to grant a Rule 59(e) motion if these failures affected the correctness of the court's decision. *Hicks v. Town of Hudson*, 390 F.2d 84, 87-88 (10th Cir. 1967).

For the reasons urged below, Mr. Allen respectfully requests that this Court alter or amend its ruling denying his petition for habeas corpus.

I.      **The Court Should Alter or Amend Its Denial of Habeas Relief Because Mr. Allen was Denied Equal Access to Merits and Appellate Review of Questions of Federal Law.**

Mr. Allen was convicted and sentenced to life imprisonment without the possibility for parole for federal bank robbery in which a killing occurs under 18 U.S.C. § 2113(a) and (e).  In the same trial concerning the same homicide, he was convicted and sentenced to death for committing a crime of violence under 18 U.S.C. § 924(c) & (j) based on the bank robbery conviction.

After the Supreme Court invalidated the nearly identical residual clause of 18 U.S.C. 924(e) in *Johnson v. United States*, 135 S. Ct. 2251 (2015) and later held that *Johnson*'s holding was retroactive to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257 (2016), Mr. Allen petitioned the Eighth Circuit for authorization to file a second or successive petition under 28 U.S.C. § 2255 based on *Johnson*.  *Allen v. United States*, 836 F.3d 894 (8th Cir. 2016).

The Eighth Circuit, over a dissent, denied Mr. Allen authorization to file a successive petition under § 2255 because it found that bank robbery is a crime of violence under §924(c)(3)(A)'s force clause.  *Id*. at 894.

Mr. Allen petitioned this Court for writ of habeas corpus under 28 U.S.C § 2241 because, as argued, the Eighth Circuit's resolution rendered Section 2255 inadequate and ineffective

2

because it failed to provide Mr. Allen "equal access to merits consideration" of this claim.  Dkt. 13 at 5 (citing *Felker v. Turpin*, 518 U.S. 651, 667 (1999) (Souter, J., concurring)).  Indeed, Section 2255 operated to prohibit him from filing a petition for writ of habeas corpus in the court of conviction.  Mr. Allen further argued that Section 2255 is inadequate and ineffective because it failed to provide equal access to appellate resolution of evolving and conflicting questions of federal law.  *Id*. at 7.

This Court rejected Mr. Allen's argument, finding that  "Whether proper or not, the Eighth Circuit's merits review of Mr. Allen's claim cannot constitute a structural problem with § 2255 that prevented merits review of Mr. Allen's claim." Dkt 48 at 4.

Rule 59(e) relief is appropriate here because, although the Eighth Circuit purported to conduct a merits review of Mr. Allen's claim, their review is "not appealable and [cannot] be the subject of a petition for rehearing or for a writ of certiorari."28 U.S.C. § 2244(e).  Because such decisions are not appealable, courts do not consider such decision as "merits" decisions.  *See e.g. In re Hubbard, Movant*, 825 F.3d 225 (4th Cir. 2016); *Allen*, 836 F.3d at 895 (Melloy, J. dissenting).

 For three independent reasons, this case illustrates why appellate review is a necessary component of a merits decision.  First, the Supreme Court has since vacated the decision on which the *Allen* court relied to find that bank robbery was a crime of violence under the force clause of section 924(c).  *Allen*, 836 F.3d at 894 (citing *United States v. Boman*, 810 F.3d 534 (8th Cir. 2016) to find bank robbery is a crime of violence); *Boman v. United States¸* 137 S.Ct. 87 (2016) (vacating and remanding).

Second, although the *Allen* court did not determine whether *Johnson* invalidated section 924(c)'s residual clause, the Supreme Court later found that section 924(c)'s residual clause is also unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).

Third, and most importantly, the Supreme Court recently granted certiorari in *Borden v. United States*, 140 S. Ct. 1262, to resolve the question of whether the force clause encompasses crimes with a mens rea of recklessness. The Eighth Circuit has held that recklessness is generally sufficient to meet the force clause. *United States v. Fogg*, 836 F.3d 951, 956 (8th Cir. 2016). It is unclear whether the *Allen* court found that bank robbery was a crime of violence because it requires a level of recklessness. *Allen*, 836 F.3d at 895 (Melloy, J. dissenting) (explaining that neither the majority nor *Boman* expressly examined the mens rea attached to the intimidation element of bank robbery). Nevertheless, Mr. Allen could not resolve this issue because pursuant to section 2244, the *Allen* Court's opinion was not appealable and he could not file a petition for writ of certiorari.

For these reasons, this Court's finding that Mr. Allen received "merits review[,]" Dkt. 48 at 4, was clear error. Because Mr. Allen did not receive merits review, while other petitioners with the same claims were granted such review, section 2255 was inadequate or ineffective. This Court should therefore grant the motion to alter or amend judgment and proceed to the claim on the merits.

At minimum, this Court should hold the case in abeyance until the Supreme Court resolves *Borden*.

4

## CONCLUSION

For the reasons stated, this Court should alter or amend its May 18, 2020 order denying petition for a writ of habeas corpus, or at minimum hold the case in abeyance pending the Supreme Court's resolution of *Borden*.

Respectfully submitted,

/s/ Timothy Kane
Timothy Kane
Eric Montroy
Assistant Federal Defenders
Federal Community Defender Office
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826
Timothy_Kane@fd.org
Eric_Montroy@fd.org

## Certificate of Service

I, Timothy Kane, hereby certify that on this 15th day of June, 2020, I filed the foregoing motion via the Court's electronic filing system, which system will serve a copy of the motion upon government counsel:

Brian Reitz
James R. Wood
Assistant United States Attorneys
10 West Market Street
Suite 2100
Indianapolis, IN 46204


/s/ Timothy Kane
Timothy Kane
Assistant Federal Defender
Federal Community Defender Office
 for Eastern District of  Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826