UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

BILLIE JEROME ALLEN,                          )
                                              )
                    Petitioner,               )
                                              )
        v.                                    )        No. 2:16-cv-00257-JMS-MJD
                                              )
CHARLES DANIELS,                              )
                                              )
                    Respondent.               )

**Order Denying Motion to Alter or Amend Judgment**

Petitioner Billie Jerome Allen was convicted in federal court for murdering a person with a firearm used during and in relation to a crime of violence. *See* 18 U.S.C. § 924(c) and (j)(1). After appellate and post-conviction proceedings, he filed a petition for writ of habeas corpus in this Court, arguing that his conviction should be vacated because bank robbery is not a crime of violence under 18 U.S.C. § 924(c). Dkt. 1 at 7; dkt. 31 at 3−8. This Court denied the petition, holding that his claim is barred by 28 U.S.C. § 2255(e). Dkt. 48. Now before the Court is Mr. Allen's motion to alter or amend judgment. *See* Fed. R. Civ. P. 59(e).

To succeed on his Rule 59(e) motion, Mr. Allen must show "(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012).

In denying Mr. Allen's habeas corpus petition, the Court held that § 2255 was not "inadequate or ineffective," *see* 28 U.S.C. § 2255(e), in part because the Eighth Circuit Court of Appeals addressed the merits of his claim in denying him leave to file a successive § 2255 motion. Dkt. 48 at 3−4. Mr. Allen argues that the Eighth Circuit's order denying him leave to file a successive § 2255 motion was not a merits decision because there was no opportunity for appellate

review by the Supreme Court. *Id.* But the question for § 2255(e) purposes is whether, "as a practical matter, it would be impossible to use section 2255 to cure a fundamental problem." *Purkey v. United States*, 964 F.3d 603, 615 (7th Cir. 2020). Here, it was not practically impossible for Mr. Allen to obtain relief through § 2255. He failed to obtain relief only because the Eighth Circuit rejected the merits of his underlying claims. Regardless of whether the Court agrees with that result, it does not open the door to another round of litigation under § 2241.

Mr. Allen's motion to alter or amend judgment, dkt. [50], is **denied**.

**IT IS SO ORDERED.**

Date: 10/9/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Timothy Patrick Kane
FEDERAL COMMUNITY DEFENDER OFFICE
timothy_kane@fd.org

Eric John Montroy
FEDERAL COMMUNITY DEFENDER OFFICE
eric_montroy@fd.org

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov