## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

|  |  |
|---|---|
| Billie Jerome Allen, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:16-cv-00257-JMS-MJD |
| | ) |
| Charles Daniels, | ) Capital Case |
| Warden, | ) |
| | ) |
| Respondent. | ) |

## NOTICE OF APPEAL

PLEASE TAKE NOTICE that Petitioner-Appellant, Billie Jerome Allen,

through counsel, hereby appeals to the United States Court of Appeals for the

Seventh Circuit from this Court's May 18, 2020, Order and judgment (Docket No.

48) denying his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. section

2241; and from this Court's October 9, 2020, Order (Docket No. 51) denying

Petitioner's Motion to Alter or Amend the Judgment Pursuant to Fed. R. Civ. P.

59; and from each and every subsidiary adverse ruling and finding forming the

bases for said orders and judgment.

1

Respectfully submitted,

/s/ Timothy Kane
Timothy Kane
Eric Montroy
Assistant Federal Defenders
Federal Community Defender Office
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826
Timothy_Kane@fd.org
Eric_Montroy@fd.org

## Certificate of Service

I, Timothy Kane, hereby certify that on this 4th day of December, 2020, I filed the foregoing notice of appeal via the Court's electronic filing system, which system will serve a copy of the motion upon government counsel:

Brian Reitz
James R. Wood
Assistant United States Attorneys
10 West Market Street
Suite 2100
Indianapolis, IN 46204

/s/Timothy Kane
Timothy Kane
Assistant Federal Defender
Federal Community Defender Office
 for Eastern District of  Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

BILLIE JEROME ALLEN,                          )
                                              )
                    Petitioner,               )
                                              )
        v.                                    )        No. 2:16-cv-00257-JMS-MJD
                                              )
CHARLES DANIELS,                              )
                                              )
                    Respondent.               )

**Order Denying Petition for a Writ of Habeas Corpus**

Petitioner Billie Jerome Allen and a confederate robbed a bank in St. Louis in 1997, killing security guard Richard Heflin in the process. A jury convicted Mr. Allen of killing a person during the course of a bank robbery, *see* 18 U.S.C. § 2113(a) and (e), and murdering a person with a firearm used during and in relation to a crime of violence, 18 U.S.C. § 924(c) and (j)(1). He was sentenced to life imprisonment for the § 2113 offense and death for the § 924 offense.

Mr. Allen has filed a petition for a writ of habeas corpus alleging that his § 924 conviction violates due process because bank robbery is not a crime of violence. Because his claim is barred by 28 U.S.C. § 2253(e), the petition is **denied**.

### I. Background

Following his convictions and sentence in the United States District Court for the Eastern District of Missouri, Mr. Allen appealed to the Eighth Circuit Court of Appeals, which eventually affirmed in an en banc decision. *United States v. Allen*, 406 F.3d 940 (8th Cir. 2005) (en banc).

Mr. Allen next filed a 28 U.S.C. § 2255 motion in the Eastern District of Missouri. The district court denied the motion, and the Eighth Circuit affirmed. *Allen v. United States*, 839 F.3d 965 (8th Cir. 2016).

1

In 2016, Mr. Allen sought leave from the Eighth Circuit to file a successive § 2255 motion, citing *Johnson v. United States*, where the Supreme Court held that a statute similar to § 924(c)(3)(B) is unconstitutionally vague.[1] The Eighth Circuit denied leave to file, holding that Mr. Allen's conviction was valid regardless of *Johnson*'s implications for § 924(c)(3)(B). Specifically, the court held that Mr. Allen's § 924 conviction was valid based on § 924(c)(3)(A), which *Johnson* did not implicate. *Allen v. United States*, 836 F.3d 894, 894−95 (8th Cir. 2016).

While pursuing leave to file a successive § 2255 motion, Mr. Allen also filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. The petition alleges that Mr. Allen's § 924(c) conviction must be vacated because (1) § 924(c)(3)(B) is unconstitutionally vague and (2) his offense of bank robbery is not a crime of violence under § 924(c)(3)(A). The Supreme Court recently held that § 924(c)(3)(B) is indeed unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319 (2019).

## II. Applicable Law

For a federal prisoner like Mr. Allen, § 2255 is the default vehicle for collaterally attacking a conviction or sentence. A court may not consider a prisoner's § 2241 petition attacking a federal conviction or sentence except where § 2255's remedy is "inadequate or ineffective." 28 U.S.C. § 2255(e). This exception applies only "when a structural problem in § 2255 forecloses even one round of effective collateral review." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *see Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (same).

The Seventh Circuit has identified a handful of specific situations where structural problems foreclose effective review in a successive § 2255 motion. *See, e.g., In re Davenport*, 147 F.3d 605, 610 (7th Cir. 1998) (where the claim alleges a miscarriage of justice and is based on a

---

[1] 135 S. Ct. 2551, 2557−58 (2015) (holding 18 U.S.C. § 924(e)(2)(B)(ii) unconstitutional).

2

new rule of statutory interpretation made retroactive by the Supreme Court); *Garza v. Lappin*, 253 F.3d 918, 920 (7th Cir. 2001) (where the claim is premised on the ruling of an international tribunal issued after the prisoner's first round of § 2255 review was complete); *Webster* 784 F.3d at 1139 (where a claim relies on new evidence that existed but was unavailable at trial and that shows "that the Constitution categorically prohibits a certain penalty").

### III. Discussion

No structural problem with § 2255 has prevented review of Mr. Allen's claim. On the contrary, his pursuit of § 2255 relief was cut short because the Eighth Circuit considered his claim and disagreed with him on the merits. Mr. Allen cannot show that § 2255 is "inadequate or ineffective," so he cannot bring this habeas corpus petition. 28 U.S.C. § 2255(e).

#### A. "Unequal Access"

Mr. Allen first argues that he should be able to file a habeas corpus petition because otherwise he will be denied "[]equal access to a decision on the merits" of his claim and "[]equal access to appellate resolutions of questions of federal law." Dkt. 13 at 5−7. He cites no case where a court has held that this sort of unequal access creates a structural problem that renders § 2255 "inadequate or ineffective." Regardless, Mr. Allen's argument fails because it rests on the false premise that the Eighth Circuit did not decide the merits of his claim when denying him leave to file a successive § 2255 motion.

Ordinarily, a prisoner may bring only one § 2255 motion per conviction. But a prisoner may bring a second or successive § 2255 motion if the court of appeals for the district where his motion is filed determines that the second or successive motion relies on

> (1) newly discovered evidence that, if proven and viewed in light of the evidence
> as a whole, would be sufficient to establish by clear and convincing evidence that
> no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

According to Mr. Allen, when the Eighth Circuit applied § 2255(h) to bar his claim, it foreclosed merits review. But the Eighth Circuit's consideration of the merits is readily apparent from its decision. Mr. Allen argued that his § 924 conviction for murdering a person with a firearm used during and in relation to a crime of violence must be vacated because § 924(c)(3)(B) is unconstitutionally vague and bank robbery is not a crime of violence under § 924(c)(3)(A). The panel did not address § 924(c)(3)(B) but denied Mr. Allen leave to file a successive § motion "because bank robbery in violation of 18 U.S.C. § 2113(a) and (e) is a 'crime of violence' under 18 U.S.C. § 924(c)(3)(A)." *Allen*, 836 F.3d at 894.

In effect, Mr. Allen alleges that the Eighth Circuit sidestepped the 28 U.S.C. § 2255(h) gateway standard to reach the merits of his claim. Whether proper or not, the Eighth Circuit's merits review of Mr. Allen's claim cannot constitute a structural problem with § 2255 that prevented merits review of Mr. Allen's claim. That remains true even if other courts disagree with the Eighth Circuit's conclusion. *Davenport*, 147 F.3d at 612 ("When there is a circuit split, there is no presumption that the law in the circuit that favors the prisoner is correct, and hence there is no basis for supposing him unjustly convicted merely because he happens to have been convicted in the other circuit.").

### B. *Davenport*'s Statutory Interpretation Exception

Next, Mr. Allen invokes a more well-established exception that allows a federal prisoner to raise a claim in habeas corpus based on the Supreme Court's pronouncement of a new, retroactive rule of statutory interpretation. *In re Davenport*, 147 F.3d 605, 610 (7th Cir. 1998);

4

*Montana v. Coss*, 829 F.3d 775, 783 (7th Cir. 2016). The trouble for Mr. Allen is that he does not rely on a new, retroactive rule of statutory interpretation.

In *Davis*, the Supreme Court held that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. 139 S. Ct. at 2336. Every circuit to consider the question has held that *Davis* pronounced a new rule of constitutional law made retroactive to cases on collateral review, thereby opening the door to a successive § 2255 motion. *In re Matthews*, 934 F.3d 296, 301 (3d Cir. 2019); *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019); *In re Franklin*, 950 F.3d 909, 910 (6th Cir. 2020) (mem. op.); *In re Mullins*, 942 F.3d 975, 977 (10th Cir. 2019); *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019). Because § 2255 is available for a *Davis* claim, § 2241 is not. *Figueroa v. Ortiz*, 2020 WL 2029496, at *3 (D.N.J. Apr. 28, 2020) ("The Supreme Court decision in Davis announced a new rule of *constitutional* law rather than a new statutory interpretation when it held the residual clause of § 924(c)(3)(B) unconstitutionally vague. For that reason alone, Section 2255 is not inadequate or ineffective." (emphasis retained)).

Mr. Allen notes that he also makes a statutory interpretation argument—namely that bank robbery is not a crime of violence under § 924(c)(3)(A). But this statutory argument does not rely on a newly pronounced, retroactive rule from the Supreme Court. His claim therefore does not meet the *Davenport* exception. *Davenport*, 147 F.3d at 611 (requiring that "the change of law has . . . been made retroactive by the Supreme Court.").

#### IV. Motion for Law Library Access

After Mr. Allen's § 2241 petition was fully briefed, he filed a pro se motion for an order directing prison staff to allow him greater access to the law library so he can effectively manage his other litigation. As the Court has reminded Mr. Allen before, *see* dkts. 15 and 39, any filings

he wishes to make in this action must be submitted by counsel. Mr. Allen's motion for law library access, dkt. [47], is **denied**.

## V. Conclusion

Mr. Allen's petition for a writ of habeas corpus is barred by 28 U.S.C. § 2255(e) and is therefore **denied**. Final judgment shall now enter.

**IT IS SO ORDERED.**

Date: 5/18/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Timothy Patrick Kane
FEDERAL COMMUNITY DEFENDER OFFICE
timothy_kane@fd.org

Eric John Montroy
FEDERAL COMMUNITY DEFENDER OFFICE
eric_montroy@fd.org

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BILLIE JEROME ALLEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-00257-JMS-MJD |
| | ) | |
| CHARLES DANIELS, | ) | |
| | ) | |
| Respondent. | ) | |

**Final Judgment**

The Court now enters final judgment. Mr. Allen's petition for a writ of habeas corpus is

**denied**.

Date: 5/18/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Roger A.G. Sharpe, Clerk

BY: _____

Deputy Clerk, U.S. District Court

Distribution:

Timothy Patrick Kane
FEDERAL COMMUNITY DEFENDER OFFICE
timothy_kane@fd.org

Eric John Montroy
FEDERAL COMMUNITY DEFENDER OFFICE
eric_montroy@fd.org

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

BILLIE JEROME ALLEN, )
)
Petitioner, )
)
v. ) No. 2:16-cv-00257-JMS-MJD
)
CHARLES DANIELS, )
)
Respondent. )

**Order Denying Motion to Alter or Amend Judgment**

Petitioner Billie Jerome Allen was convicted in federal court for murdering a person with

a firearm used during and in relation to a crime of violence. *See* 18 U.S.C. § 924(c) and (j)(1).

After appellate and post-conviction proceedings, he filed a petition for writ of habeas corpus in

this Court, arguing that his conviction should be vacated because bank robbery is not a crime of

violence under 18 U.S.C. § 924(c). Dkt. 1 at 7; dkt. 31 at 3−8. This Court denied the petition,

holding that his claim is barred by 28 U.S.C. § 2255(e). Dkt. 48. Now before the Court is

Mr. Allen's motion to alter or amend judgment. *See* Fed. R. Civ. P. 59(e).

To succeed on his Rule 59(e) motion, Mr. Allen must show "(1) that the court committed

a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment."

*Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012).

In denying Mr. Allen's habeas corpus petition, the Court held that § 2255 was not

"inadequate or ineffective," *see* 28 U.S.C. § 2255(e), in part because the Eighth Circuit Court of

Appeals addressed the merits of his claim in denying him leave to file a successive § 2255 motion.

Dkt. 48 at 3−4. Mr. Allen argues that the Eighth Circuit's order denying him leave to file a

successive § 2255 motion was not a merits decision because there was no opportunity for appellate

review by the Supreme Court. *Id.* But the question for § 2255(e) purposes is whether, "as a practical matter, it would be impossible to use section 2255 to cure a fundamental problem." *Purkey v. United States*, 964 F.3d 603, 615 (7th Cir. 2020). Here, it was not practically impossible for Mr. Allen to obtain relief through § 2255. He failed to obtain relief only because the Eighth Circuit rejected the merits of his underlying claims. Regardless of whether the Court agrees with that result, it does not open the door to another round of litigation under § 2241.

Mr. Allen's motion to alter or amend judgment, dkt. [50], is **denied**.

**IT IS SO ORDERED.**

Date: 10/9/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Timothy Patrick Kane
FEDERAL COMMUNITY DEFENDER OFFICE
timothy_kane@fd.org

Eric John Montroy
FEDERAL COMMUNITY DEFENDER OFFICE
eric_montroy@fd.org

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov

# *** PUBLIC DOCKET ***

APPEAL,HABEAS,CLOSED

## U.S. District Court
## Southern District of Indiana (Terre Haute)
## CIVIL DOCKET FOR CASE #: 2:16-cv-00257-JMS-MJD

ALLEN v. DANIELS
Assigned to: Judge Jane Magnus-Stinson
Referred to: Magistrate Judge Mark J. Dinsmore
Cause: 28:2241 Petition for Writ of Habeas Corpus (federal)

Date Filed: 06/24/2016
Date Terminated: 05/18/2020
Jury Demand: None
Nature of Suit: 535 Death Penalty - Habeas Corpus
Jurisdiction: Federal Question

**Petitioner**

**BILLIE JEROME ALLEN**               represented by **Eric John Montroy**
FEDERAL COMMUNITY
DEFENDER OFFICE
601 Walnut Street
Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826
Email: eric_montroy@fd.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Timothy Patrick Kane**
FEDERAL COMMUNITY
DEFENDER OFFICE
601 Walnut Street
Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826
Email: timothy_kane@fd.org
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**CHARLES DANIELS**                   represented by **Brian L. Reitz**
*Warden, United States Penitentiary --*          UNITED STATES ATTORNEY'S
*Terre Haute*                                     OFFICE (Indianapolis)

10 West Market Street
Suite 2100
Indianapolis, IN 46204
317-226-6333
Fax: 317-226-6125
Email: brian.reitz@usdoj.gov
*ATTORNEY TO BE NOTICED*

**James Robert Wood**
UNITED STATES ATTORNEY'S
OFFICE
10 West Market Street
Suite 2100
Indianapolis, IN 46204
(317) 229-2462
Fax: (317) 226-6125
Email: bob.wood@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/24/2016 | 1 | PETITION for Writ of Habeas Corpus, filed by BILLIE JEROME ALLEN. (No fee paid with this filing) (Attachments: # 1 Civil Cover Sheet, # 2 Envelope)(MEB) (Entered: 06/27/2016) |
| 06/24/2016 | 2 | MOTION for Attorney(s) Eric John Montroy to Appear pro hac vice (No fee paid with this filing), filed by Petitioner BILLIE JEROME ALLEN. (Attachments: # 1 Text of Proposed Order, # 2 Envelope)(MEB) (Entered: 06/27/2016) |
| 06/24/2016 | 3 | MOTION for Attorney(s) Timothy Patrick Kane to Appear pro hac vice (No fee paid with this filing), filed by Petitioner BILLIE JEROME ALLEN. (Attachments: # 1 Text of Proposed Order, # 2 Envelope)(MEB) (Entered: 06/27/2016) |
| 06/24/2016 | 4 | MOTION for Leave to Proceed in forma pauperis, filed by Petitioner BILLIE JEROME ALLEN. (Attachments: # 1 Text of Proposed Order, # 2 Envelope) (MEB) (Entered: 06/27/2016) |
| 06/24/2016 | 5 | MOTION To Hold Case In Abeyance, filed by Petitioner BILLIE JEROME ALLEN. (Attachments: # 1 Text of Proposed Order, # 2 Envelope)(MEB) (Entered: 06/27/2016) |
| 06/27/2016 | 6 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (MEB) (Entered: 06/27/2016) |
| 07/13/2016 | 7 | ORDER - granting 2 Motion to Appear pro hac vice. If not already registered with the Court's Electronic Filing System, Eric Montroy is ordered to register within ten (10) days of entry of this order. (See Order.) Copy of Order and Notice to PHV Counsel to Mr. Montroy via US Mail. Signed by Magistrate |

| | | |
|---|---|---|
| | | Judge Mark J. Dinsmore on 7/13/2016. (BRR) Modified on 7/14/2016 (BRR). (Entered: 07/14/2016) |
| 07/13/2016 | 8 | ORDER - granting 3 Motion to Appear pro hac vice. If not already registered with the Court's Electronic Filing System, Timothy Patrick Kane is ordered to register within ten (10) days of entry of this order. (See Order.) Copy of Order and Notice to PHV Counsel to Mr. Kane via US Mail. Signed by Magistrate Judge Mark J. Dinsmore on 7/13/2016. (BRR) (Entered: 07/14/2016) |
| 07/20/2016 | 9 | Order Granting Request to Proceed In Forma Pauperis and Granting Motion for Appointment of Counsel - The petitioner's request to proceed in forma pauperis 4 is granted. The petitioner's motion for the appointment of counsel 4 is granted. Counsel from the Capital Habeas Unit of the Federal Community Defender Office for the Eastern District of Pennsylvania are appointed to represent the petitioner, Billie Jerome Allen. This appointment is authorized by 18 U.S.C. § 3006A(a)(2)(B), among other statutes. Signed by Judge Jane Magnus-Stinson on 7/20/2016. (BRR) (Entered: 07/20/2016) |
| 08/01/2016 | 10 | ENTRY AND NOTICE - The Eighth Circuit Court of Appeals ruled in No. 16-2094 on May 26, 2016 and in doing so has denied the petitioner's application pursuant to 28 U.S.C. § 2255(h) to file a second or successive motion for relief pursuant to 28 U.S.C. § 2255. The mandate was issued on the date the Order was issued. Accordingly, the petitioner's motion to hold case in abeyance 5 is denied. The petitioner shall have through August 22, 2016 in which to show that his habeas claim(s) may properly be asserted pursuant to the savings clause of 28 U.S.C. § 2255(e). Signed by Judge Jane Magnus-Stinson on 8/1/2016. (BRR) (Entered: 08/01/2016) |
| 08/18/2016 | 11 | MOTION for Extension of Time to September 21, 2016 in which to 10 Order on Motion , filed by Petitioner BILLIE JEROME ALLEN. (Attachments: # 1 Text of Proposed Order)(Kane, Timothy) (Entered: 08/18/2016) |
| 08/18/2016 | 12 | ORDER - granting 11 Motion for Extension of Time. Petitioner's response to the Court's order of August 1, 2016, shall be filed on or before September 21, 2016. Signed by Judge Jane Magnus-Stinson on 8/18/2016. (BRR) (Entered: 08/18/2016) |
| 09/21/2016 | 13 | RESPONSE *to Court Order*, re 10 Order on Motion, filed by Petitioner BILLIE JEROME ALLEN. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6, # 7 Exhibit Exhibit 7, # 8 Exhibit Exhibit 8, # 9 Exhibit Exhibit 9, # 10 Exhibit Exhibit 10, # 11 Exhibit Exhibit 11)(Kane, Timothy) (Entered: 09/21/2016) |
| 12/01/2016 | 14 | MOTION for Emergency Injunction / Restraining Order, filed by Petitioner BILLIE JEROME ALLEN. (Attachments: # 1 Envelope) (GSO) (Entered: 12/01/2016) |
| 12/02/2016 | 15 | ENTRY AND NOTICE: Petitioner filed a pro se motion for emergency injunction/restraining order on December 1, 2016. [Dkt. 14 .] However, the motion contains no suggestion that the proper development of the present case |

| | | |
|---|---|---|
| | | is being impeded by the activities of staff at the prison where the petitioner is confined, and petitioner is represented by counsel. The motions is therefore DENIED WITHOUT PREJUDICE. Should petitioner, by counsel, wish to file any motion related the allegations asserted by petitioner, he shall have twenty (20) days in which to file any such motion. The motion must contain both the factual and legal basis for the relief which is sought. Petitioner is reminded that he is represented by counsel. Any and all future filings by the petitioner in this case must be done through his counsel of record. Petitioner's counsel are directed to forward a copy of this order to Petitioner. Signed by Judge Jane Magnus-Stinson on 12/2/2016. (DW) (Entered: 12/02/2016) |
| 12/02/2016 | 16 | ENTRY and ORDER TO SHOW CAUSE - Show Cause Response due by 1/10/2017. (See Entry.) Signed by Judge Jane Magnus-Stinson on 12/2/2016. (RSF) (Entered: 12/02/2016) |
| 01/10/2017 | 17 | NOTICE of Appearance by James Robert Wood on behalf of Respondent CHARLES DANIELS. (Wood, James) (Entered: 01/10/2017) |
| 01/10/2017 | 18 | MOTION for Extension of Time to in which to 16 Order to Show Cause , filed by Respondent CHARLES DANIELS. (Attachments: # 1 Text of Proposed Order)(Wood, James) (Entered: 01/10/2017) |
| 01/10/2017 | 19 | ORDER granting 18 Motion for Extension of Time. The petitioner shall have through March 1, 2017, in which to file a brief in support of the § 2255 motion. The United States shall have forty-five (45) days in which to show cause why the relief sought should not be granted. The petitioner shall have twenty-one (21) days after service of the response in which to reply. Signed by Judge Jane Magnus-Stinson on 1/10/2017. (DW) (Entered: 01/10/2017) |
| 02/22/2017 | 20 | MOTION for Extension of Time to May 1, 2017 *to file brief in support of petition*, filed by Petitioner BILLIE JEROME ALLEN. (Kane, Timothy) (Entered: 02/22/2017) |
| 02/23/2017 | 21 | Submission of Proposed Order , re 20 MOTION for Extension of Time to May 1, 2017 *to file brief in support of petition*, filed by Petitioner BILLIE JEROME ALLEN. (Kane, Timothy) (Entered: 02/23/2017) |
| 02/23/2017 | 22 | ORDER granting 20 Motion for Extension of Time. The petitioner shall have through May 1, 2017 in which to reply to the return to order to show cause. Signed by Judge Jane Magnus-Stinson on 2/23/2017. (DW) (Entered: 02/23/2017) |
| 05/01/2017 | 23 | MOTION for Extension of Time to June 30, 2017 *to file brief in support of petition*, filed by Petitioner BILLIE JEROME ALLEN. (Attachments: # 1 Text of Proposed Order)(Kane, Timothy) (Entered: 05/01/2017) |
| 05/02/2017 | 24 | ORDER granting 23 Motion for Extension of Time. Petitioner shall file his memorandum in support of his § 2241 petition on or before June 30, 2017. The United States shall then have forty-five (45) days to file its response, and Petitioner shall then have twenty-one (21) days to file a reply. Signed by Judge Jane Magnus-Stinson on 5/2/2017. (DW) (Entered: 05/02/2017) |

| 06/27/2017 | 25 | MOTION for Extension of Time to December 29, 2017 *to file memorandum in support of petition*, filed by Petitioner BILLIE JEROME ALLEN. (Attachments: # 1 Text of Proposed Order)(Kane, Timothy) (Entered: 06/27/2017) |
|---|---|---|
| 06/29/2017 | 26 | ORDER granting 25 Motion for Extension of Time. Petitioner shall file his memorandum in support of his § 2241 petition on or before December 29, 2017. The United States shall then have forty-five (45) days to file its response, and Petitioner shall then have twenty-one (21) days to file a reply. Signed by Judge Jane Magnus-Stinson on 6/29/2017. (DW) (Entered: 06/29/2017) |
| 12/22/2017 | 27 | MOTION for Extension of Time to 3/29/18 *to File Brief in Support of Petition*, filed by Petitioner BILLIE JEROME ALLEN. (Attachments: # 1 Text of Proposed Order)(Kane, Timothy) (Entered: 12/22/2017) |
| 12/27/2017 | 28 | ORDER - granting 27 Motion for Extension of Time. Petitioner shall file his memorandum in support of his § 2241 petition on or before March 29, 2018. The United States shall then have forty-five (45) days to file its response, and Petitioner shall then have twenty-one (21) days to file a reply. Signed by Judge Jane Magnus-Stinson on 12/27/2017. (RSF) (Entered: 12/27/2017) |
| 03/22/2018 | 29 | MOTION for Extension of Time to 6/27/2018 *to file memorandum in support of petition*, filed by Petitioner BILLIE JEROME ALLEN. (Attachments: # 1 Text of Proposed Order)(Kane, Timothy) (Entered: 03/22/2018) |
| 03/29/2018 | 30 | ORDER granting 29 Motion for Extension of Time. Petitioner shall file his memorandum in support of his § 2241 petition on or before June 27, 2018. The United States shall then have forty-five (45) days to file its response, and Petitioner shall then have twenty-one (21) days to file a reply. Signed by Judge Jane Magnus-Stinson on 3/29/2018. (DW) (Entered: 03/29/2018) |
| 06/27/2018 | 31 | Brief re 1 Petition for Writ of Habeas Corpus by BILLIE JEROME ALLEN. (Kane, Timothy) (Entered: 06/27/2018) |
| 08/13/2018 | 32 | MOTION for Extension of Time to October 12, 2018 *to Respond to the Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and brief in support*, filed by Respondent CHARLES DANIELS. (Attachments: # 1 Text of Proposed Order)(Wood, James) (Entered: 08/13/2018) |
| 08/14/2018 | 33 | ORDER - Granting 32 Motion for Extension of Time to respond to the Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 and brief in support. The Respondent shall have to and including October 12, 2018, to file his response to the § 2241 petition. Signed by Judge Jane Magnus-Stinson on 8/14/2018. (DMW) (Entered: 08/14/2018) |
| 10/11/2018 | 34 | NOTICE of Appearance by Brian L. Reitz on behalf of Respondent CHARLES DANIELS. (Reitz, Brian) (Entered: 10/11/2018) |
| 10/11/2018 | 35 | RETURN TO ORDER TO SHOW CAUSE, re 16 Entry and Order to Show Cause, filed by CHARLES DANIELS. (Reitz, Brian) Modified on 10/12/2018 to edit docket text(DMW). (Entered: 10/11/2018) |

| | | |
|---|---|---|
| 11/01/2018 | 36 | Reply re 35 Return to Order to Show Cause, filed by BILLIE JEROME ALLEN.. (Kane, Timothy) (Entered: 11/01/2018) |
| 03/21/2019 | 37 | Entry Staying Case - This action is stayed pending the Supreme Court's decision in United States v. Davis, No. 18-431. Petitioner shall have fourteen days from the date the Supreme Court issues a decision in Davis to file a notice with the Court. The clerk is directed to administratively close this action on the docket. Once Petitioner files the ordered notice, the Court will administratively open this action and direct how this action will proceed to resolution. (See Entry.) Signed by Judge Jane Magnus-Stinson on 3/21/2019. (DMW) Modified on 3/21/2019 to edit docket text(DMW). (Entered: 03/21/2019) |
| 03/26/2019 | 38 | MOTION for Leave to Proceed Pro Se and in forma pauperis to File a Second or Successive Petition, filed by Petitioner BILLIE JEROME ALLEN. (Attachments: # 1 Envelope)(MAT) (Entered: 03/26/2019) |
| 04/08/2019 | 39 | Entry Discussing Motion to File a Second or Successive Habeas Petition - The Court treats Mr. Allen's request as one to file a second or successive § 2255 motion, and as such, his motion, dkt. 38 , is denied. The Court recommends that Mr. Allen discuss this issue with his counsel, and he is reminded that all future filings in this action must be made through counsel. (See Entry.) Signed by Judge Jane Magnus-Stinson on 4/8/2019. (DMW) (Entered: 04/08/2019) |
| 06/26/2019 | 40 | Order Lifting Stay and Directing Further Proceedings - The Court stayed this action pending the Supreme Court's resolution of United States v. Davis, No. 18-431. The Supreme Court issued a decision in Davis on June 24, 2019. Accordingly, this action is no longer stayed. Respondent shall have through August 9, 2019, in which to file a supplemental brief addressing how the Supreme Court's decision in Davis impacts the issues in this action. Petitioner shall have through September 6, 2019, to file a responsive supplemental brief. The clerk is directed to re-open this action on the docket. Signed by Judge Jane Magnus-Stinson on 6/26/2019. (DMW) (Entered: 06/26/2019) |
| 08/09/2019 | 41 | SUPPLEMENTAL RETURN TO ORDER TO SHOW CAUSE, re 40 Order Reopening Case, filed by CHARLES DANIELS.. (Reitz, Brian) Modified on 8/12/2019 to edit document title(DMW). (Entered: 08/09/2019) |
| 08/30/2019 | 42 | Unopposed MOTION for Extension of Time to 10/07/2019 *to File Supplemental Response*, filed by Petitioner BILLIE JEROME ALLEN. (Attachments: # 1 Text of Proposed Order)(Kane, Timothy) (Entered: 08/30/2019) |
| 09/03/2019 | 43 | ORDER - granting 42 Motion for Extension of Time. Petitioner shall file his responsive supplemental brief on or before October 7, 2019. Signed by Judge Jane Magnus-Stinson on 9/3/2019. (DMW) (Entered: 09/03/2019) |
| 10/02/2019 | 44 | Unopposed MOTION for Extension of Time to 11/06/2019 *to File Supplemental Response*, filed by Petitioner BILLIE JEROME ALLEN. (Attachments: # 1 Text of Proposed Order)(Kane, Timothy) (Entered: 10/02/2019) |
| | | |

| 10/07/2019 | 45 | ORDER granting 44 Motion for Extension of Time to File A Responsive Supplemental Brief to 11/6/19. Signed by Judge Jane Magnus-Stinson on 10/7/2019. (JRB) (Entered: 10/07/2019) |
|---|---|---|
| 11/06/2019 | 46 | Reply re 41 Return to Order to Show Cause, filed by BILLIE JEROME ALLEN.. (Kane, Timothy) (Entered: 11/06/2019) |
| 12/09/2019 | 47 | MOTION for Law Library Access, filed by Petitioner BILLIE JEROME ALLEN. (Attachments: # 1 Envelope)(TMC) (Entered: 12/10/2019) |
| 05/18/2020 | 48 | Order Denying Petition for a Writ of Habeas Corpus - Mr. Allen's motion for law library access, dkt. 47 , is denied. Mr. Allen's petition for a writ of habeas corpus is barred by 28 U.S.C. § 2255 and is therefore denied. Final judgment shall now enter. SEE ORDER. Signed by Judge Jane Magnus-Stinson on 5/18/2020. (KAA) (Entered: 05/18/2020) |
| 05/18/2020 | 49 | Final Judgment - The Court now enters final judgment. Mr. Allen's petition for a writ of habeas corpus is denied. Signed by Judge Jane Magnus-Stinson on 5/18/2020.(KAA) (Entered: 05/18/2020) |
| 06/15/2020 | 50 | MOTION *to Alter or Amend Judgment*, filed by Petitioner BILLIE JEROME ALLEN. (Attachments: # 1 Text of Proposed Order)(Kane, Timothy) (Entered: 06/15/2020) |
| 10/09/2020 | 51 | ORDER denying 50 Motion to Alter or Amend Judgment (See Order). Signed by Judge Jane Magnus-Stinson on 10/9/2020. (TMC) (Entered: 10/09/2020) |
| 12/04/2020 | 52 | NOTICE OF APPEAL as to 48 Order on Motion, 51 Order on Motion, 49 Closed Judgment, filed by Petitioner BILLIE JEROME ALLEN. (No fee paid with this filing) (Kane, Timothy) (Entered: 12/04/2020) |
| 12/04/2020 | 53 | PARTIES' SHORT RECORD re 52 Notice of Appeal **- Instructions for Attorneys/Parties attached.** (LBT) (Entered: 12/04/2020) |

**Case #: 2:16-cv-00257-JMS-MJD**